[No. 727.   Decided March 24, 1893.]

THE DENNY HOTEL COMPANY OF SEATTLE, *Appellant*, v.
JOHN SCHRAM, *Respondent*.

CORPORATIONS — CAPITAL STOCK — LIABILITY OF SUBSCRIBERS —
SUBSCRIPTIONS BY OTHER CORPORATIONS.

A corporation in this state cannot enforce subscriptions to its
stock until the full capital stock has been subscribed for.

Under the laws of this state one corporation cannot subscribe to
the capital stock of another corporation.

*Appeal from Superior Court, King County.*

*Hawley & Prouty*, and *Burke, Shepard & Woods*, for
appellant.

*Hughes, Hastings & Stedman*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J. — There are two controlling questions in
this case:

*First*, Is a subscriber to the stock of a corporation in
this state liable for the amount of his subscription upon
the failure of the corporation to obtain subscriptions to the
extent of the full capital stock; or, expressed in other
words, is the obtaining of the subscription to the extent of
the full capital stock a condition precedent to the liability
of the subscriber?

*Second*, Can a corporation under the laws of this state
become an incorporator by subscribing for shares in an-
other corporation?

On the first proposition the contention by respondent
that the subscriber is not liable, we think, is sustained by
the overwhelming weight of authority, as well as by right
reasoning and the plain principles of justice and fair deal-
ing.    While it may be a well recognized principle, as as-
serted by appellant, that defenses to subscriptions are not

favored by the courts, the principle can only be recognized in its application to inequitable defenses. Contracts of subscription and capital stock of corporations, like other contracts, are entered into by individuals with reference to the responsibilities imposed; in this case, no doubt, with reference to the relative responsibilities of the subscribers and the character and cost of the hotel to be constructed. The inequitable results of holding the subscribers bound in a case where the whole amount of the stock is not subscribed is set forth with so much clearness and particularity in *Salem Mill Dam Corporation v. Ropes*, 6 Pick. 23, a leading case on the subject, and the arguments and illustrations of the court in that case are so often repeated and so nearly universally endorsed, that we will content ourselves with a reference to and an endorsement of the reasoning in that case. Even in the absence of statutory requirements, such seems to be the prevailing holding.

"It is an implied part of the contract of subscription that the contract is to be binding and enforceable against the subscriber only after the full capital stock of the corporation has been subscribed. This condition precedent to the liability of the subscriber need not be expressed in the corporate charter nor the subscription itself. It arises by implication from the just and reasonable understanding of a subscriber that he is to be aided by other subscriptions. This rule is supported also by public policy, in that corporate creditors have a right to rely upon a belief that the full capital stock of the corporation has been subscribed." Cook, Stock and Stockholders (2d ed.), § 176.

"It is a general principle that the members of a corporation cannot be required to pay assessments upon their shares until the company is authorized by law to begin the prosecution of its enterprise." 1 Morawetz, Priv. Corp., § 137.

The capital of a corporation being fixed by its charter, the corporation has no authority to begin business until the whole amount of such capital has been subscribed.

Hence it follows that the members cannot be required to pay assessments until the full capital stock is subscribed.

"When the capital stock and number of shares are fixed by the act of incorporation or by vote or by-law, no assessment can be lawfully made on the share of the subscriber until the whole number of shares has been taken." 2 Waterman, Law of Corp., § 183.

"As a general rule, where, on the organization of a corporation, the number of shares of the capital stock and the sum to be paid for each share are agreed upon and inserted in the agreement of subscription, the subscribers are not bound to pay their subscriptions until the requisite number of shares is filled up by subscriptions." Thompson on Liability of Stockholders, § 120.

Green's Brice's Ultra Vires (2d ed.), p. 153, after stating the rule that corporations having the power to raise a definite capital may begin their business before that capital or any portion thereof is obtained, says, in note a:

"The American rule seems to be the reverse of that stated in the text; where the number of shares and the amount of capital is fixed, the whole stock must be subscribed before the corporation can begin business, unless the constating instruments expressly remove this restriction."

The cases cited by these authors fully sustain the text, and we think the rule, in America at least, is firmly established, unless a contrary contention appears expressly or by implication, either in the charter or the contract of subscriptions.

But outside of the decisions on general principles of law and equity, the statute of our own state, it seems to us, puts this question beyond a peradventure. Sec. 1497, Gen. Stat., provides that "no such corporation shall commence business . . . until the whole amount of its capital stock has been subscribed." The only object of collecting assessments from the subscribers is to carry on the business of the corporation, and the law prohibiting it

from commencing business until the whole amount of its capital stock has been subscribed, by the strongest implication at least, prohibits it from collecting assessments before that condition is complied with. We see nothing in the articles of incorporation to take this case out of the general rule, or that will estop the subscribers from making the defense pleaded herein.

As to the second proposition, a corporation can only be formed in the manner provided by law and has only such powers as the law specifically confers upon it. We do not think that a corporation was within the contemplation of the legislature when they used the expression "two or more persons," in § 1498, Gen. Stat. It is true that § 1709, Code Proc., provides that the term "person" may be construed to include the United States, this state, or any state or territory, or any public or private corporation, as well as an individual. But it does not follow, by any means, that the term "person" is always to be construed as a private corporation any more than it is always to be construed as the United States.

Morawetz on Private Corporations, § 433, says: "A corporation cannot, in the absence of express statutory authority, become an incorporator by subscribing for shares in a new corporation; nor can it do this indirectly through persons acting as its agents or tools;" citing *Central R. R. Co. v. Pennsylvania R. R. Co.*, 31 N. J. Eq. 475. The author, continuing, says: "The right of forming a corporation is conferred by the incorporation laws only upon persons acting individually, and not upon associations."

This, it seems to us, for manifest and manifold reasons, is in accordance with public policy; and we therefore decide that under the existing laws of this state one corporation cannot subscribe to the capital stock of another corporation. And, in any event, in this case the amount of the capital stock of the building company was so ex-

ceedingly small compared with the amount of the liability which it sought to assume (its subscribed stock being $64,000 and its capital stock only $54,000), that there was no apparent ability to pay the amount subscribed; and while it may be true that a party's contract will not be held void if it is not apparent that he is worth the entire amount of money necessary to carry it out at the time it is made, yet the disparity here is too great, and there is not only not "an apparent ability to pay," but there is an apparent inability to pay.

We find no error in the proceedings of the court below and the judgment is therefore affirmed.

STILES, ANDERS and SCOTT, JJ., concur.

HOYT, J., disqualified.