11 249<br/>41 597

[No. 1610.  Decided February 20, 1895.]

GEORGE E. BIRGE, *Receiver, Appellant,* v. F. H. BROWN-ING *et al., Respondents.*

CORPORATIONS — SUBSCRIPTION TO STOCK — ESTOPPEL.

Subscribers to the stock of a corporation are not liable thereon, when the corporation has begun business before its capital stock is all subscribed, unless the acts and conduct of the subscribers are such as to establish a waiver on their part of the conditions precedent to liability.

Partial payments upon stock subscriptions will not establish such waiver, when made without knowledge that the entire capital stock has not been subscribed.

*Appeal from Superior Court, Lewis County.*

*Leroy A. Palmer*, and *Landrum & Landrum*, for appellant:

Subscribers to the capital stock of a corporation, which has all external and legal indices of a corporation, when sued for a balance due upon a stock subscription for the benefit of creditors of the company, cannot deny its legal existence or question the regularity of its organization. *Upton v. Hansbrough*, 3 Biss. 417; *Chubb v. Upton*, 5 Otto, 665; *Ogden Clay Co. v. Harvey*, 35 Pac. 510; *Music Hall v. Carey*, 116 Mass. 471; *Hickling v. Wilson*, 104 Ill. 54; *Wheelock v. Kost*, 77 Ill. 296; *Bash v. Culver Gold Mining Co.*, 7 Wash. 122; *Dearborn Foundry Co. v. Augustine*, 5 Wash. 67.

Any acts, declarations, or conduct, on the part of a subscriber to the capital stock of a corporation which indicate an intention to proceed with the prosecution of the enterprise with less than charter amount of capital stock, or which acts, conduct and declarations induce creditors and the public to presume that such was the intention of the subscribers, and who upon such presumption furnish labor, money, credit, materials and other property to the corporation and its stockholders for their use and benefit, will be held to be a waiver of conditions to subscriptions implied by law. *Stewart v. Minn. Ry. Co.*, 36 Minn. 355; *Arkadelphia Mills v. Trimble*, 36 Am. & Eng. Corp. Cases, 253; *Portland Ry. Co. v. Spillman*, 32 Pac. 688; *Auburn Opera House Ass'n v. Hill*, 32 Pac. 587; *Burns v. Beck*, 10 S. E. 121; *Nangatuck Water Co. v. Nichols*, 8 L. R. A. 637; *Masonic Temple v. Channell*, 45 N. W. 716; *Cabot, etc., Bridge v. Chapin*, 6 Cush. 50; *Hager v. Bassett*, 36 Md. 491; *Rider v. Morrison*, 54 Md. 429; *Morrison v. Dorsey*, 48 Md. 461; *Mitchell v. Beckman*, 28 Pac. 110; *Chamberlain v. Paines-*

*ville Ry. Co.*, 15 Ohio St. 225; *Mirick v. French*, 2 Gray, 420; *Willamette Freighting Co. v. Stannus*, 4 Or. 261. Payment of a large part of the subscription, giving a promissory note for an assessment, making a written contract to pay subscriber's share of the cost of the enterprise, are strong circumstances tending to show waiver of implied conditions. *Klein v. Alton Ry. Co.*, 13 Ill. 514; *Hamilton v. Granger's Ins. Co.*, 67 Ga. 145; *Inter-Mountain Co. v. Jack*, 5 Mont. 568; 6 Am. & Eng. Corp. Cases, 478; *Mississippi R. R. Co. v. Harris*, 36 Miss. 17.

*A. E. Rice, George E. Rhodes*, and *H. Julius Miller*, for respondents.

The opinion of the court was delivered by

GORDON, J.—The appellant here is the receiver of the Centralia Hotel Company, a corporation which had, prior to the commencement of this action, been adjudged insolvent. He brought this action to recover the amounts unpaid upon respondents' subscriptions to the capital stock of said corporation.

The respondents answered—first, that there was no actual incorporation of the company; second, that the full amount of the capital stock had not been subscribed. To which appellant replies that the respondents are estopped to deny the existence of the corporation, and that they have waived their right to interpose these defenses. The court below rendered judgment for the respondents, from which judgment this appeal is prosecuted.

The articles of incorporation of the Centralia Hotel Company were filed on the 23d of March, 1891. None of the respondents were named as officers in such articles of incorporation, nor were any of them afterwards

elected to office therein. The capital stock was fixed at $40,000, divided into eight hundred shares of $50 each. The entire amount subscribed, however, never exceeded $16,000. Meetings were held, both before and after the filing of the articles of incorporation, which were attended by promoters of the enterprise and subscribers to the capital stock; at which meetings, among other things, ground was selected as a site for the hotel building to be erected by the corporation, committees were appointed to select plans, take charge of the construction of the building, and to solicit subscribers to the capital stock. By-laws were adopted, and other business transacted.

On June 16, 1891, the trustees awarded a contract for the construction of a hotel building, and thereafter work was commenced upon said building, and progressed until about $14,000 had been expended in its construction, when operations were suspended for lack of funds. At that time about $6,000 had been collected upon stock subscriptions, and about $3,000 additional in material and labor had been accepted in payment of stock subscriptions.

Some of the respondents had made partial payments on their subscriptions; but the pleadings nowhere allege, nor does the proof show, that any of the defendants knew that the full amount of the capital stock had not been subscribed until work ceased on the hotel building.

At the close of the plaintiff's case the court should have granted respondents' motion for judgment of dismissal, because, as the case then stood, in addition to what has already been stated, there was no evidence tending to show that any of the respondents were in attendance at any of the meetings so held, and there was no proof of a waiver by any of the defendants, nor

any proof creating an estoppel by conduct as to any of them. The court overruled said motion, however, and the testimony subsequently taken did not establish any new fact, nor does it alter or add to the foregoing statement.

This court, in the case of *Denny Hotel Co. v. Schram*, 6 Wash. 134 ( 32 Pac. 1002; 36 Am. St. Rep. 130), has said:

"The capital stock of a corporation being fixed by its charter, the corporation has no authority to begin business until the whole amount of such capital stock has been subscribed."

Sec. 1497 of the General Statutes provides that " no such corporation shall commence business   .   .   . until the whole amount of its capital stock has been subscribed;" and we have no doubt that, in the absence of any statutory provision upon the subject, this would be found to be the law.

It is conceded by the learned counsel for appellant that in an action by a corporation against stock subscribers, all the conditions precedent to liability must have been complied with before liability attaches, unless such conditions have been waived by the acts and conduct of the persons for whose benefit the implied condition existed; and the controlling questions here are of fact and not of law. The court below found the facts against the appellant, and an examination of the record convinces us that there is nothing in the evidence to justify the contention of appellant's counsel that any of the defendants have been guilty of such acts or conduct as amount in law to a waiver, or create an estoppel.

It follows that the judgment appealed from should be affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.