[No. 19465. Department One. November 9, 1925.]

JOSEPH FLURY et al., Respondents, v. TWIN CITIES DAIRY COMPANY, Appellant.[1]

CORPORATIONS (36)—CAPITAL STOCK—CONDITIONAL SUBSCRIPTIONS. Under Rem. Comp. Stat., § 3803, prohibiting a corporation from doing business until all its capital stock is subscribed, subscription to all the capital stock is a condition precedent to liability to the corporation upon a stock subscription.

SAME (36)—CONDITIONAL SUBSCRIPTIONS—ESTOPPEL TO ASSERT CONDITION. It is immaterial that a conditional subscriber to the capital stock of a corporation participated in preliminary meetings to interest parties in organizing the corporation, where he took no part in its organization, control or management; and he would not be liable on his subscription until all the capital stock was subscribed.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered February 24, 1925, upon findings in favor of the plaintiff, in an action on contract, tried on the merits to the court. Affirmed.

F. L. Morgan, for appellant.

W. H. Abel, for respondents.

FULLERTON, J.—This action was instituted as an action at law by the respondents, Flury and Ineicken,

[1]Reported in 240 Pac. 900.

to recover from the appellant for milk sold and deliv-
ered, of the value and of the agreed price of $442.30.
The appellant, in its answer to the complaint, set up,
as an affirmative defense and cross-complaint, that it
was a corporation, organized under the laws of the
State of Washington, with a capital stock of seventy-
five thousand dollars; that the respondents, at the time
of its organization, subscribed to its capital stock in
the sum of five hundred dollars, giving to it their
promissory note in that sum, not as payment of the
stock, but to evidence the indebtedness; that, as part
of the transaction, they agreed to deliver milk in pay-
ment of the subscription. It further alleged that, in
pursuance of the contract, the respondents did, for a
certain time, deliver milk to it in the amount stated in
the complaint when, for the purpose of injuring the ap-
pellant and in conspiracy with other persons, they sud-
denly ceased such deliveries and repudiated their con-
tract. It further alleged that it had credited the value
of the milk delivered on the subscription contract, and
that there remained a balance due of $57.70, for which
sum it demanded judgment.

The reply put in issue certain allegations of the com-
plaint, and as an affirmative defense to the stock sub-
scription, alleged that it was made on condition that all
of the capital stock of the corporation be subscribed;
whereas, a large proportion of its capital stock had
never been so subscribed.

At the trial, there was evidence thought to show a
waiver of the affirmative defense set up in the reply.
The court, sitting without a jury, ruled that the action
was, in legal effect, an action to recover on a stock sub-
scription; found as fact that, while the respondents
had subscribed to the capital stock of the appellant,
they had done so on the condition that all of its capi-
tal stock be subscribed; found that all such stock had

not been subscribed at the time the appellant began doing business and had not been subsequently so subscribed; that the respondents had given notice of the rescission of the contract of purchase, and that there had been no waiver on the part of the respondents of the condition on which the subscription was made. It thereupon entered a judgment in favor of the respondents for the milk sold and delivered, and held the note for cancellation.

By the terms of the statute (Rem. Comp. Stat., § 3803) no corporation organized under the laws of this state is authorized to commence business until the whole amount of its capital stock has been subscribed. In the case of *Denny Hotel Co. v. Schram,* 6 Wash. 134, 32 Pac. 1002, 36 Am. St. 130, we held that the obtaining of subscriptions to the extent of the whole of the capital stock of a corporation was a condition precedent to the liability of one who actually subscribed to the capital stock. The rule of the case was rested largely on the terms of the statute, although it was intimated, and authorities were cited to the effect, that such was the general rule in the absence of statute. The rule was affirmed in the subsequent case of *Birge v. Browning,* 11 Wash. 249, 39 Pac. 643, and recognized as the prevailing rule in *Ennis v. New World Life Ins. Co.,* 97 Wash. 122, 165 Pac. 1091.

This court has, however, recognized exceptions to the rule so announced. In *Cole v. Satsop R. Co.,* 9 Wash. 487, 37 Pac. 700, 43 Am. St. 858, the action was by a receiver of an insolvent corporation to recover on an unpaid stock subscription. The defense was that a part of the capital stock had been subscribed by a corporation, which, under the law, was not competent to make such a subscription. The court, while recognizing this as an applicable rule, had the suit been by the corporation while a solvent going concern, held that it

was not such in a suit by a receiver of an insolvent corporation to recover for the benefit of creditors. To the same effect are *Cox v. Dickie*, 48 Wash. 264, 93 Pac. 523, *National Realty Co. v. Neilson*, 73 Wash. 89, 131 Pac. 446, and *Silvain v. Benson*, 83 Wash. 271, 145 Pac. 175. We have also held that it was not a defense to an action for the unpaid purchase price of stock, where the rights of creditors were involved, to show that the stock was issued as a bonus to induce the purchase of other stock; *Gordon v. Cummings*, 78 Wash. 515, 139 Pac. 489; and have also held it no defense, under like circumstances, to show that the stock was purchased under an optional agreement.

This possibly is as far as this court has gone in noting exceptions to the general rule first above stated, but the appellant argues that there are other exceptions, and argues that such exceptions are present in the instant case. The facts thought so to show are, in substance, these:

Prior to the organization of the appellant corporation, a corporation existed in the county of its organization known as the Satsop Farmers Dairy, whose business was purchasing dairy products and selling them at retail. The stockholders of the corporation were the managers and employees of the corporation and certain farmers engaged in the dairy business. The stockholders desired to enlarge the company, and to that end endeavored to enlist other farmers engaged in the dairy business in the enterprise. Various meetings were held in the county which the respondents, among others, attended. At the last of these meetings, it was agreed to organize a new corporation with an increased capitalization, which would be taken up in part by assigning to it the business and property of the existing corporation at an agreed value, by subscriptions on the part of employees, and by subscriptions

of farmers who could be induced to take a part in the enterprise. It was at this meeting that the respondents made their subscription which is in question in this action. The appellant corporation was thereafter formed, the business of the other taken over and the business continued by the appellant. A large part of its capital stock, however, was not subscribed before it commenced doing business, nor was it all subscribed at the time of the commencement of the present action; the amount remaining unsubscribed at that time being $28,250 of its par value.

It is argued that the participation of the respondents in the meetings mentioned estops them from questioning their liability on the subscriptions. But we cannot so conclude. There are cases which hold that a subscriber to stock who takes an active part in the organization of the corporation and becomes a director, manager, or other officer thereof, will not, at the suit of the corporation while a going concern, be permitted to deny his liability on his subscription on the ground that all of the capital stock was not subscribed (See note to *Jones v. Dodge,* 97 Ark. 248, 133 S. W. 828, L. R. A. 1915A, p. 472), but, conceding this to be a just rule, the respondents do not fall within it. They had no part in the organization of the corporation, did not become directors or other officers thereof, and their situation is not different than it would have been had they become subscribers at the solicitation of the promoters of the enterprise in the more usual manner.

The appellant questions the finding of the trial court to the effect that the respondents' subscription was made on the condition that all of the stock be subscribed. On this question the evidence was conflicting; but, conceding that it preponderates in favor of the appellant, we cannot conclude that it affects the result. It was an immaterial circumstance. As we said

in *Denny Hotel Co. v. Schram, supra,* it is an implied part of the contract of subscription that the contract is to be binding and enforcible against the subscriber only after the full capital stock of the corporation has been subscribed.

In our opinion, the trial court did not err in its judgment, and our order will be that it stand affirmed.

Tolman, C. J., Holcomb, Askren, and Mitchell, JJ., concur.