IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STEPHANIE MICHELLE SPALDING, an individual, | No. 84361-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JONATHAN PENNINGTON, in his individual capacity and in his capacity as the Personal Representative of THE ESTATE OF SARAH W. PENNINGTON and THE ESTATE OF DANNY S. PENNINGTON, | |
| Respondent. | |

DÍAZ, J. — After her mother's death and the admission of the mother's will to probate, Stephanie Spalding filed a TEDRA petition, contesting the validity of her mother's will and challenging the actions of her brother, Jonathan Pennington, who served as their mother's attorney-in-fact and personal representative of their mother's estate. At the initial hearing on the petition, where the merits of such a petition are presumptively considered, the trial court dismissed Spalding's petition without entry of findings of fact or conclusions of law, or indeed without any explanation whatsoever. No oral record exists either. Because we are unable to

Citations and pin cites are based on the Westlaw online version of the cited material.

ascertain on what legal or factual basis the court dismissed Spalding's petition, we remand this matter for the trial court to make the required findings of fact and conclusions of law or otherwise supplement the record. We do not reach any further issue.

## I. FACTS

Sarah and Danny Pennington were married in 1969 and had four children—Stephanie Spalding, Jonathan Pennington, Nick Pennington, and Sierra Pennington. On February 27, 2021, at 71 years old, Danny passed away and left his residuary estate to Sarah.

On September 9, 2021, two days after being discharged for a stroke, Sarah executed an updated will, in which she left Jonathan her home and all of her belongings and named him the primary beneficiary of the remainder of her estate. This will does not mention Sarah's three other children. Two days after executing her will, on September 11, 2021, Sarah died at home. The Snohomish County Superior Court admitted Sarah's will to probate and Jonathan was appointed as her personal representative.

Spalding filed this TEDRA petition on January 24, 2022. She raised several issues in her petition, including that Sarah lacked testamentary capacity and changed her will under undue influence, that the will was not validly formed under RCW 11.12.020, and that Jonathan breached his fiduciary duties, requiring his removal as personal representative. After "initial limited discovery," Spalding filed a supplemental brief supporting her claims. Jonathan responded to the supplemental brief, arguing that Spalding provided the court with "no evidence

sufficient to meet her burden . . . that [Sarah's] will was the result of lack of testamentary capacity or undue influence," and thus the will (a) "should be <u>found</u> valid and controlling of her estate" and (b) dismissed.   (emphasis added). Jonathan did not separately move under CR 12 or 56, or any other rule.

On July 8, 2022, following a hearing on the matter, the trial court issued an "Order Denying Verified TEDRA Petition," which stated simply that the petition was dismissed with prejudice, but did not contain any findings of fact or conclusions of law, or any other explanation of its decision.

Spalding appeals.

## II.    ANALYSIS

### A. TEDRA Petition Dismissal

Spalding first argues that CR 52(a)(1) and RCW 11.96A.170 both require that the trial court include findings of fact and conclusions of law in its final order, and that the court erred in failing to do so.  In his brief in opposition, Jonathan does not address, or in way respond to, these rule-based and statutory arguments, instead seeking only to distinguish the case law Spalding brings forward in support, and reiterating that, should this court reach the merits, it would review this matter de novo.

We agree with Spalding that, to the extent that the court granted the relief Jonathan sought on the matter, namely, to "find" the will valid on the merits, the court was required to enter findings of fact and conclusions of law.

CR 52(a)(1) provides that, generally, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and

state separately its conclusions of law."  In contrast, "[f]indings of fact and conclusions of law are not necessary," among other times, "[o]n decisions of motions under rules 12 or 56 or any other motion."  CR 52(a)(5)(B).

Furthermore, CR 52(a)(2)(C) states that findings and conclusions are specifically required "[i]n connection with any other decision where findings and conclusions are specifically required by statute, by another rule, or by a local rule of the superior court."  TEDRA is one such statute, stating, "[i]f a jury is not demanded, the court shall try the issues, and sign and file its findings and decision in writing, as provided for in civil actions."  RCW 11.96A.170.

Moreover, TEDRA mandates that the initial hearing on a petition "must be a hearing on the merits to resolve all issues of fact and all issues of law" unless "requested otherwise by a party."  RCW 11.96A.100(8).  As to the nature of this initial hearing, a "trial" is defined as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding."  BLACK'S LAW DICTIONARY 1812 (11th ed. 2019).  And "determination" is defined as "[a] final decision by a court. . .."  Id. at 564. This initial hearing "on the merits" which "resolve[s] all issues of fact and all issues of law" per RCW 11.96A.100(8), thus, is or is comparable to a trial, unless "requested otherwise by a party."

Here, neither party requested that the initial hearing not be a trial on the merits.[1]  On the contrary, Jonathan framed his response to the petition as going to

---

[1]  In her initial petition, Spalding "reserve[d] the ability to request that the initial hearing not seek a dispositive hearing on the merits at the initial hearing."   In her supplemental brief, she asserted that her additional proffered facts "reinforce[d] the need for this matter to be placed on a standard Trial Calendar allowing for more expansive discovery and procedural safeguards."   However, neither the petition

the merits and expressly requested that the court "find" the will "valid." Furthermore, here, neither party made a relevant motion under, e.g., CR 12 or CR 56, pursuant to which findings may have been unnecessary. CR 52(a)(5). Instead, on the record before us, the trial court conducted one and only one hearing, entering a bare-bones order, stating *in its entirety* that

> THIS MATTER having come on regularly before the undersigned Judge of the above-entitled court upon petitioner's Verified TEDRA Petition, and the court having heard arguments of counsel and being fully advised in the premises, now, therefore, it is ORDERED, ADJUDGED and DECREED as follows: 1. The Verified TEDRA Petition is dismissed with prejudice.

The court included no findings of fact and no conclusions of law, or any further explanation of the nature of the action it was taking.

To the extent that the court was resolving the merits of the petition in a final decision, the July 8, 2022 hearing was tantamount to a trial without a jury and the court erred in failing to include findings of facts and conclusions of law, pursuant to CR 52(a) and RCW 11.96A.170. The available record does not allow us to conclude otherwise.

Theoretically, the trial court's failure to enter required findings of fact may not have been fatal to its order if we could have "determine[d] the questions the trial court decided and the *reasons* supporting its decision." Noll v. Special Elec. Co., Inc., 9 Wn. App. 2d 317, 322, 444 P.3d 33 (2019) (citing Backlund v. Univ. of

---

nor the supplemental brief expressly "requested" that the initial hearing not be on the merits, there is nothing in the record before us that either party objected to proceeding on the merits, and we conclude that this mere reservation of her rights, on these facts, is not sufficient to constitute a "request" under RCW 11.96A.100(8).

Wash., 137 Wn.2d 651, 656 n. 1, 975 P.2d 950 (1999)) (emphasis added).[2]  But we have no oral ruling to aid us —the hearing at which the trial court made its decision was neither recorded nor transcribed.[3]

"Meaningful appellate review requires entry of adequate and detailed findings of fact and conclusions of law."  Citizens for Responsible and Organized Planning (CROP) v. Chelan County, 105 Wn. App. 753, 755, 21 P.3d 304 (2001). The purpose of findings of fact is to ensure that the decisionmaker "has dealt fully and properly with all the issues in the case before he decides it and so that the parties involved" and the appellate court "may be fully informed as to the bases of his decision when it is made." In re LaBelle, 107 Wn.2d 196, 218-19, 728 P.2d 138 (1986) (citations omitted) (internal quotation marks omitted).  In this case, the lack of findings —or even clarity as to what authority under which the court was acting —precludes us from conducting an adequate assessment of that court's decision. Indeed, on the record presented, this court does not even know the standard of review to apply in this case.

Because we are unable to determine the "trial court's understanding" following a hearing on the merits, the "appropriate" remedy is to remand the case

---

[2] Jonathan attempts to distinguish Noll on the basis that it was a products liability matter.  This argument truly points to a distinction without a difference.  If this was a trial without a jury, the subject matter does not matter.

[3] The only other reference to the basis for the court's decision in the record is the clerk's minutes for the July 8, 2022 hearing, which, given the clerk's role, are conclusory and simply not sufficient for us to determine, for example, which causes of action the trial court was resolving and, more importantly, the *reasons* it chose to dismiss the entire matter.  Noll, 9 Wn. App. 2d at 322.

for the trial court to enter findings of fact and conclusions of law. Noll, 9 Wn. App. 2d at 323.

Accordingly, we remand for the court to make such findings and conclusions, to the extent the court was resolving the matter on the merits, as contemplated by RCW 11.96A.100(8). To the extent the court was proceeding on the basis of some other heretofore-unasserted motion, we remand this matter for the court to entertain further briefing and make a record consistent with our rules of civil procedure.

B. Attorney Fees

Spalding requests that we award her fees under RAP 18.1 and RCW 11.96A.150.

RAP 18.1 allows us to award reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover" such attorney fees or expenses. Under RCW 11.96A.150, a court has discretion to award fees and other costs to any party in an estate dispute proceeding governed by Title 11 RCW. "In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved." RCW 11.96A.150(1).

Spalding argues that her TEDRA petition and litigation efforts have been for the benefit of Sarah's estate and, therefore, she should be awarded fees. While Spalding is the prevailing party on appeal, the record does not support her contention that this litigation benefits the estate. And she does not argue that there

are other factors warranting an award of fees.  As such, we exercise our discretion and decline to award fees.

### III.    CONCLUSION

We remand for the trial court to enter findings of fact and conclusions of law consistent with this opinion, with each party bearing its own fees and costs.

_____Díaz, J._____

WE CONCUR:

_____Brummer, J_____          _____Haze, A.C.J_____