## WALKER *v.* ESTATE OF SAWYER.

[No. 4,696. Filed March 30, 1904. Rehearing denied June 8, 1904. Transfer denied December 8, 1904.]

PLEADING.—*Contracts.*—*Breach.*—*Condition Precedent.*—*Nonperformance.*—*Excuse.*—Where plaintiff entered into a contract with defendant's intestate by which said intestate, having furnished certain money with which plaintiff had purchased for such intestate certain real estate, should, upon the payment to such intestate of one-half of the amount so paid, within one year therefrom, time being of the essence of the contract, grant to the plaintiff a one-half interest in such real estate, a complaint based upon such contract must show that plaintiff paid or tendered one-half of such sum within such time, or some legal excuse for not so doing, and an allegation that plaintiff was ready and willing to pay it on demand, but that such intestate never advised the plaintiff of the amount due is bad, since no demand was necessary, the sum being certain and known to plaintiff, and this is true even though money had been expended by the intestate after the execution of such contract wherein as to such amounts a demand and statement by such intestate might be necessary.

From Marion Circuit Court (7,659); *H. C. Allen,* Judge.

Action by Ivan N. Walker against the estate of J. Warren Sawyer, deceased; Sarah R. Sawyer, administratrix.

From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Smiley N. Chambers, Samuel O. Pickens* and *Charles W. Moores,* for appellant.

*Hugh D. Merrifield,* for appellee.

COMSTOCK, J.—Appellant filed his claim against the estate of J. Warren Sawyer, deceased, and Sarah R. Sawyer, administratrix, in the circuit court, based upon the following contract: "This memorandum witnesseth: That J. Warren Sawyer has this day purchased the interest of James Murphy of Philadelphia, Pennsylvania, in and to lot number twenty, in square number two in North Park addition to Indianapolis, together with certain tax liens held by others, the total amount paid therefor by said Sawyer to this date being $1,183.64, and that the said Sawyer is now proceeding to take other steps for the perfecting of the title to said lot in him which will involve the payment by him of additional sums, costs and expenses. That Ivan N. Walker negotiated said purchase for the said Sawyer and is to be compensated therefor upon the following terms and conditions, and not otherwise, to wit: The said Walker shall, within one year from this date, pay the said Sawyer one-half the sums, costs and expense, which may hereafter be paid by said Sawyer in perfecting the title to said lot, with ten per cent. interest on one-half of all sums so paid by said Sawyer from the date of such payment by Sawyer to date of payment to him by Walker, and upon such payment by said Walker within said period said Sawyer shall convey, assign and transfer to said Walker an undivided one-half of his title and interest in and to said lot, and thereupon said parties shall be the tenants in common of all the title and interest acquired in said lot. If said Walker shall not make the payments within the period named, time being the essence of this contract, he shall receive no compensation for his said services, and shall have no right to acquire any

title or interest in or title to said lot. In consideration of the agreements herein contained upon the part of said Sawyer, the said Walker agrees that if the said Sawyer when he sells said lot or his interest therein shall fail to realize a sum sufficient to reimburse him for all sums invested in said lot, with interest, then said Walker shall pay to said Sawyer one-half of the loss sustained by said Sawyer, *i. e.,* one-half of the sum necessary to be added to proceeds of the sale to equal the investment in said lot and interest. Witness our hands this 13th day of May, 1891. In duplicate. J. Warren Sawyer. Iván N. Walker."

The complaint sets out the contract as above, and avers that said contract related to the purchase and sale of lot twenty in square two in North Park addition to the city of Indianapolis, for which Sawyer had paid the price of $1,183.64; that by the terms of this contract Sawyer was to make further payments in perfecting the title to said lot; that of the exact amount of this payment which appellant was to repay the said Sawyer never advised claimant; that the claimant incurred certain expenses in connection with the improvement of the said property, amounting to about $40; that, because the property was advancing rapidly in value, it was deemed best, between the appellant and the said decedent, that no sale should be made during the year provided for in the contract; that said property was held by the said Sawyer until May 15, 1897, when Sawyer sold it for $5,333. The claim goes on to allege the full performance by the claimant of all the conditions of the contract required of him, and his willingness and readiness at all times to pay to the said Sawyer, on demand, the amount of money due under said contract, which amount claimant has never paid, because not advised by the said Sawyer. Under the contract and the allegations of the complaint, it is alleged that the appellant is entitled to one-half of the profit derived from the sale of the lot, after deducting the pur-

chase price and expenses advanced by the decedent, to which should be added the amount paid by the claimant for improvements. Appellee demurred to the claim upon the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Appellant excepted, and refused to amend, and the court rendered judgment against appellant in favor of appellee.

The only question presented by the appeal is the sufficiency of the complaint. To entitle appellant to recover, the compliance with the terms of the contract by him should appear from the averments of the complaint. The averments show that he "was ready and willing at all times to pay to said Sawyer, on demand, the amount of money due from him for the original price, and any sum for costs, expenses or taxes that may have been paid by said Sawyer, but the said Sawyer never advised him of the amount so due." It is claimed by appellant that the contract imposed no obligation upon him to tender Sawyer reimbursement for money expended until Sawyer should submit an account of the same, and make demand for such reimbursement—in other words, that a party is not bound to make a tender until the person to whom the tender is due shall advise him of the amount he must tender.

If this proposition is true as to an unliquidated debt, where a question of forfeiture arises, it is not applicable to the facts before us. The contract recites that Sawyer had, at the date of the contract (May 13, 1891) expended on the purchase $1,183.64. The amount was definite and certain. It was not exclusively in the knowledge of the decedent. As to it, no demand or statement was necessary for its payment within the year appellant obligated himself. This payment, whatever view may be taken of his failure to pay the obligations which may have arisen under the contract, was the condition precedent to his receiving compensation for his services in negotiating the purchase of the lot, and of his right to acquire any title or

interest therein.    The payment of this sum was not dependent on the performance of a condition by the decedent which by its terms might not be performed until after the date at which the money was to be paid.

*Front St., etc., Co.* v. *Butler* (1875), 50 Cal. 574, cited by appellant, is not applicable.    Appellant cites cases to the effect that the law will not require a party to perform an impossibility, nor declare a forfeiture for a breach of a condition precedent, at the behest of another, who by his act has rendered the performance of the condition precedent impossible.    The deceased is charged with no act hindering the payment of the agreed purchase price, or in any manner causing delay in its payment.    By a contract which the parties were competent to make, appellant's right to acquire any title or interest to said lot was limited to a certain time within which he was to do certain things, failing in which, he forfeited all that he contracted for.    It is alleged in the complaint that appellant expended $40 on the improvement of said lot.    Upon proper showing such item might be made the basis of a claim against the estate.    Such claim is not made in the complaint under consideration.

Judgment affirmed.