## Huxtable et al. *v.* Shumate.

[No. 10,980. Filed April 4, 1922. Rehearing denied February 13, 1923.]

1. CORPORATIONS.—*Subscriptions to Capital Stock.—Lialibity.— Subscription of all. Capital Stock.*—Where the capital stock of a corporation is fixed, it is implied in every contract of subscription, as a condition precedent to liability thereunder, in the absence of a statutory regulaton, or anything in the contract showing a contrary intention, that all of the capital stock must be subscribed. p. 295.

2. PLEADING.—*Complaint.—Requisites.—Statement of Facts.*— A complaint must state all facts constituting a cause of action. p. 296.

3. PLEADING.—*Action on Contract.—Complaint.—Requisites.— Averment of Performance or Waiver.*—In an action on a contract, the complaint must aver performance of all conditions precedent in the contract or facts must be pleaded showing a waiver of performance. p. 296.

4. CORPORATIONS.—*Action on Stock Subscription.—Complaint.— Requisites.—Averment of Subscription of Entire Stock Issue or Waiver of Requirement.*—In an action on a subscription for stock in a corporation organized prior to Acts 1921 p. 98 (§4044a *et seq.* Burns' Supp. 1921), requiring one-fourth of the capital stock be subscribed and one-fourth of the subscription price paid in before the corporation shall have any rights or

privileges as such, the complaint must aver that all the capital has been subscribed, unless facts are pleaded showing a waiver on the part of defendant. p. 296.

5. CORPORATIONS.—Subscriptions to Capital Stock.—Conditions Precedent to Liability.—Waiver.—Estoppel.—Acts Constituting. —Acts of a stock subscriber which constitute a part of the business for which the corporation is formed, and which from their nature assume it to be ready for that business, and evince a willingness to enter thereon, are sufficient to constitute a waiver of, or estoppel to insist on, performance of the condition precedent to liability under a stock subscription contract that the entire capital stock of the corporation be subscribed. p. 297.

6. CORPORATIONS.—Subscriptions to Capital Stock.—Liability.— Conditions Precedent.—Waiver.—The mere fact that a stock subscriber knew when he executed his subscription contract that the corporation, formed to engage in prospecting and mining in another state, had been organized for about a month and was doing business under the laws of this state, did not amount to a waiver of his right to insist that all the capital stock be subscribed as a condition precedent to liability on the contract. p. 297.

From Boone Circuit Court; *Willett H. Parr*, Judge.

Action by George S. Huxtable and others, trustees in bankruptcy, against J. Walter Shumate. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*S. Mahlon Unger, William R. Wood* and *Thomas M. Priestly*, for appellants.

*Ira M. Sharp*, for appellee.

REMY, J.—On March 20, 1916, appellee subscribed for ten shares of the capital stock of the Spring Hill Mining Company, an Indiana corporation which had been organized February 16, 1916. The subscription contract executed by appellee contained a recital that the corporation was to have a capital stock of $50,000 divided into five hundred shares of $100 each, and that the purpose of the corporation was that of prospecting and mining in the State of Wisconsin. On January 28, 1918, the company was declared a bankrupt, and appel-

lants appointed trustees in bankruptcy. Appellee having refused to pay for the stock subscribed for by him, this action was commenced by appellants to collect the same.

The complaint which is based upon the subscription contract contains an averment that at the time the subscription was made, the corporation, as appellee well knew, was "organized and doing business in the State of Indiana." Appellee demurred to the complaint for want of sufficient facts, and in his memorandum filed with the demurrer stated that the pleading was insufficient because it contained no allegation that all of the capital stock of the corporation had been subscribed. The demurrer was sustained, and appellants having refused to plead further, judgment was rendered against them, and they prosecute this appeal.

If, under the facts pleaded in the complaint, it was necessary to have alleged that all of the capital stock of the corporation had been subscribed, the judgment must be affirmed.

On May 31, 1921, an act of the General Assembly was approved which provides that no corporation organized for pecuniary profit shall have any rights or privileges as a corporation "until one-fourth of its stock has been subscribed and one-fourth of the subscription price paid into the treasury of the corporation." §4044a et seq. Burns' Supp. 1921, Acts 1921 .p. 98, §19. Prior to the enactment of this statute, there was in this state no statute fixing the amount of stock which should be subscribed before a corporation organized for mining purposes should begin business. In the absence of a statute, and in the absence of anything in the subscription contract showing an intention to the contrary, it is a general well settled rule, that where the capital stock of a corporation is fixed, it is implied in every contract of subscription, as a condition precedent

to liability thereunder, that all of the capital stock must be subscribed. *Stoneham Branch R. Co.* v. *Gould* (1854), 63 Mass. (2 Gray) 277; *Denny Hotel Co.* v. *Schram* (1893), 6 Wash. 134, 36 Am. St. 130, 32 Pac. 1002; *Gettysburg Nat. Bank* v. *Brown* (1902), 95 Md. 367, 93 Am. St. 339, 52 Atl. 975; *International, etc., Assn.* v. *Walker* (1891), 88 Mich. 62, 49 N. W. 1086; 7 R. C. L. 203. See, also, *Burke* v. *Mead* (1902), 159 Ind. 252, 263, 64 N. E. 880. The rule arises by implication from the just and reasonable understanding of a subscriber that he is to be aided by other subscriptions, and is supported by public policy, in that corporate creditors have a right to rely upon a belief that the full capital stock of a corporation has been subscribed. In the case of *Gettysburg Nat. Bank* v. *Brown, supra,* the action was by a creditor of an insolvent corporation to enforce collection of a subscription to capital stock, and is analogous to the case at bar which is brought by trustees in bankruptcy for the benefit of creditors.

Admitting the rule to be as above stated, it is suggested that it would not be necessary to allege in the complaint that all of the stock had been subscribed before appellee could be called upon for his subscription; that the failure to secure subscriptions for all of the capital stock would be a matter of defense. It is a general rule of pleading as well as a requirement of the code in this state, that the complaint must state all of the facts constituting a cause of action. It is also a settled rule of pleading that, in an action on a contract the complaint must aver the performance of all conditions precedent in the contract, or facts must be pleaded which show a waiver of performance. Gould, Pleading (5th ed.) 163; *Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, 64 N. E. 11; *Whitton* v. *Whitton* (1859), 38 N. H. 127, 75 Am. Dec. 163; 21 R. C. L. 497; 31 Cyc 107. It follows,

under the facts of this case, that an averment in the complaint that all of the capital stock had been subscribed is essential to the statement of a cause of action, unless facts are pleaded therein which show a waiver on the part of appellee. *Topeka Bridge Co.* v. *Cummings* (1864), 3 Kans. 55; *Fry's Ex.* v. *Lexington, etc., R. Co.* (1859), 59 Ky. (2 Metcalf) 314; *Estabrook* v. *Omaha Hotel Co.* (1876), 5 Nebr. 76. It is contended by appellants, however, that the averment in the complaint that the company, "as was fully known to defendant," had been organized on February 16, 1916, and was doing business under the laws of the State of Indiana at the time the subscription contract in suit was executed, was a sufficient averment to show a waiver on the part of appellee.

The condition precedent to liability which is implied from a contract of subscription for capital stock of a corporation may, of course, be waived by the subscriber, or he may by his acts estop himself from insisting upon it. 7 R. C. L. 235; *California, etc., Co.* v. *Callender* (1892), 94 Cal. 120, 28 Am. St. 99, 29 Pac. 859. What acts of the subscriber will amount to a waiver or estoppel has frequently been the subject of discussion in the decisions of courts of appeal. The general rule deduced from these decisions is well expressed by the Supreme Court of Minnesota in the case of *Masonic Temple Assn.* v. *Channell* (1890), 43 Minn. 353, 45 N. W. 716, where it is stated that the acts done by a subscriber "which constitute a part of the business for which the corporation is formed, and which from their nature assume it to be ready for that business, and evince a willingness to enter upon that business, * * * will be sufficient." The mere fact that appellee knew when he executed the contract of subscription that the corporation which was to do a mining business in the State of Wisconsin had been organ-

ized for a period of about one month, and was doing business under the laws of Indiana, did not in and of itself amount to a waiver by appellee of his right to the benefit of the rule that all of the capital stock must be subscribed. *Morgan* v. *Landstreet* (1909), 109 Md. 558, 130 Am. St. 531, 72 Atl. 399, 16 Ann. Cas. 1247, and cases there cited.

It is unnecessary to discuss other alleged defects of the complaint. The trial court did not err in sustaining the demurrer to the complaint.

Affirmed.