**BARKER   v.   SOUTHERN PAC. CO.**
No. 13609.

United States Court of Appeals,
Ninth Circuit.

Aug. 10, 1954.

Gladstein, Andersen & Leonard, Rubin Tepper, Allan Brotsky, San Francisco, Cal., for appellant.

Burton Mason, W. A. Gregory, Jr., San Francisco, Cal., for appellee.

Before HEALY, BONE and FEE, Circuit Judges.

BONE, Circuit Judge.

Appellant appeals from an order of the lower court granting appellee's motion for summary judgment pursuant to Rule 56, F.R.C.P., 28 U.S.C.A. The suit is for damages for an alleged wrongful discharge of appellant, a dining car waiter employed by appellee under a collective bargaining agreement between appellee and certain Locals of the Dining Car, Cooks and Waiters Union.

The aforesaid agreement provides, in part:

"Rule 25 — Hearings — Disciplinary.

"(a) * * * An employee who is disciplined or dismissed shall be notified in writing of the specific reason or cause for such action. If dissatisfied, he shall be given a fair and impartial hearing by an officer of the company * * * providing written request for such hearing is filed with the officer who signed the notification of discipline or dismissal, before the expiration of ten (10) days from the date of notice of discipline or dismissal, otherwise the right to a hearing shall cease and the cause for action shall be deemed to have been abandoned."

■ It is undisputed that appellant failed to file the "written request" required by the above quoted rule within ten days of his notice of dismissal. The issues involved in this appeal concern the necessity of so filing, and of exhausting all remedies under the contract, and administrative remedies thereunder prior to bringing suit. The reasonableness of a period as short as ten days is also questioned, but in this case appellant was not required to prepare a complaint, but merely to *file* a request for a hearing. That would be an ordinarily probable act which would normally occur quite promptly after the notice of discharge even without any time limitation. We see no circumstances which make the ten day period unreasonable in this case.

■ The failure to give notice in ten days did not cut off or destroy any existing right of action because the company had the right to discharge appellant for any cause satisfactory to itself. The conditions required to be performed by appellant before he could claim breach by the other party were not fulfilled. Only if the company failed to accord to appellant the hearings provided after notice or by arbitrary disposal of his claim would there have been a breach of contract. The exhaustion of the steps set out in the contract were a condition precedent to his cause of action.

The wording of Rule 25 appears to us to require the timely *filing* of the request for hearing as a prerequisite to any further proceedings under the contract, or any possible appeal to the courts of law. Rule 25(i) provides for the "further handling" of a grievance in the event that the prescribed contract procedure is carried to completion without success by an aggrieved employee, hence it would seem that Rule 25 might embrace both administrative procedure, and possible recourse to the courts. It is our view that the filing of a request (under the contract) for a hearing, is intended to be a condition precedent to both procedures above referred to.

■ It is argued by appellant that notwithstanding the contractual provisions, an employee need not exhaust his administrative remedies unless required so to do under the applicable state law. It is questionable whether this doctrine

is applicable where, by contract, the request for a hearing has been made a condition precedent to the bringing of a law suit. Wallace v. Southern Pacific Co., 106 F.Supp. 742. But even if such is the correct doctrine, California law would be applicable and controlling. See Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325. It is clear by that law that administrative remedies must be exhausted prior to taking recourse to the courts. 2 Cal. Jur.2d 304 et seq. Admin.Law § 184 et seq., and cases cited therein. Since this issue involves a pure question of law it is properly open to decision on this appeal.

The judgment is affirmed.