Norman **BREELAND**, Appellant,

v.

**SOUTHERN PACIFIC COMPANY** and
**E. D. Moody**, Appellees.

No. 14670.

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1955.

Thomas C. Perkins, Sacramento, Cal., for appellant.

Burton Mason, W. A. Gregory, San Francisco, Cal., for appellees.

Before POPE, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is an action for damages on account of claimed breach of contract whereby plaintiff was employed as a brakeman by the Southern Pacific Company. Employment was pursuant to a collective bargaining agreement between defendant and the Brotherhood of Railroad Trainmen. Breeland alleged that he was discharged from his employment wrongfully and without just cause and in violation of this agreement. Damages were claimed for loss of wages and seniority, pension and hospital benefits.

Before answering, Southern Pacific filed a motion for summary judgment, which was denied March 1, 1954, by Hon. Michael J. Roche, United States District Judge. Immediately after this, on March 11, 1954, Southern Pacific filed answer setting up as a separate defense that Breeland had failed to submit or process his grievance within a one-year period as required by Article 58 of the Collective

Bargaining Agreement in force during the employment of plaintiff. The answer also contained a separate defense that the action was barred by the Statute of Limitations since the discharge occurred on December 2, 1949, while the complaint was not filed until December 22, 1953.

On December 29, 1954, Southern Pacific filed a second motion for summary judgment. This motion was based upon the identical affidavits and exhibits relied upon in the previous motion for summary judgment. Judgment in favor of the Southern Pacific on the second motion was granted by Hon. Louis E. Goodman, United States District Judge, on January 14, 1955. No testimony was taken in the proceeding, and the record before this Court consists of the pleadings, comprising the complaint, answer, two motions for summary judgment with affidavits in support thereof. Plaintiff raises three questions: (1) Was the order of the court denying summary relief a bar to a second motion for the same relief? (2) Had plaintiff exhausted the administrative remedies under the collective bargaining agreement under which he was employed? (3) Did the trial court err in determining the action of plaintiff to be a time claim within the purview of Article 58 of the collective bargaining agreement in the absence of any evidence as to the main or accepted interpretation of the term "time claim"? At the outset, it appears that the complaint, which was filed December 22, 1953, and which alleges that on November 30, 1949, plaintiff was unjustly accused of intoxication while on duty, taken in connection with correspondence which showed that plaintiff was notified of dismissal for this violation on December 2, 1949, was barred by the California Statute of Limitations applicable to an action founded upon a contract in writing. Sections 335 and 337 of the California Code of Civil Procedure provided that the period for commencement of such an action shall be four years. But plaintiff, in order to avoid this conclusion, has set up that he has no cause of action which is justiciable until after compliance by him with the provisions of the collective bargaining agreement. His theory is that the exhaustion of the steps set out in the contract is a condition precedent to his cause of action. The record shows that, after his discharge, plaintiff and his representatives undertook to handle this claim, designated as one "for reinstatement with seniority unimpaired * * * and compensation for time lost as a result of his dismissal," in accordance with the agreement and particularly with the provisions of Article 58 thereof. If this were established, the defense of the statute of Limitations would, of course, fail since the procedure prescribed was not completed until long after December 22, 1949.

Plaintiff has adhered to that position not only in the steps which he sought to have reviewed under the contract provisions, but also by his complaint which is an action for damages for loss of time. Article 58 provides in part as follows:

"Decision by the highest officer designated by the carrier to handle claims shall be final and binding unless within one year from the date of said officer's decision such claim is disposed of * * * or proceedings for final disposition of the claim are instituted by the employee or his duly authorized representative * * * is interpreted to mean that the decision by the highest officer designated by the carrier to handle TIME CLAIMS shall be final and binding unless within one (1) year from the date of said officer's decision * * * proceedings for final disposition are instituted * * *."

If this article is binding, as apparently it is since all of the allegations of plaintiff are based thereon, then the decision of the hearing officer was no longer subject to attack upon the expiration of one year from the date thereof. Plaintiff contends that the limitation set out here relates only to time claims as distinguished from disciplinary claims. Since plaintiff has been discharged albeit he contends wrongfully, it is difficult to see how the action can be termed "disciplin-

ary." As pointed out above, plaintiff has, in his "claim" submitted under this Article 58 and his complaint here, characterized his cause as one for loss of time. Furthermore, a reading of Article 58, Section (c), Item 5 and Item 6, set out below, is convincing that both text and commentary include a limitation on all claims submitted under Article 58. Inspection of these items is illuminating:

"Item 5: Time claims and disciplinary cases which have been denied by the Superintendent shall be submitted to the highest general officer of the carrier designated to handle such claims and cases and discussed in conference with said officer within one (1) year from the date of one of the following conditions, whichever is the latest:

"(a) Superintendent's last letter denying the claim or case;

"(b) Date of Local Chairman's letter notifying Superintendent of his intention to appeal the claim or case;

"(c) Date of Superintendent's letter submitting proposed Joint Statement of Facts;

subject to extension by mutual agreement. If not handled as herein prescribed, such claim or case will be deemed to have been abandoned."

"Item. 6: The following provisions of Section 4(c), Item 2, of the Agreement made at Chicago, Illinois, December 12, 1947, reading:

" 'Decision by the highest officer designated by the carrier to handle claims shall be final and binding unless within one year from the date of said officer's decision such claim is disposed of on the property or proceedings for the final disposition of the claim are instituted by the employee or his duly authorized representative and such officer is so notified. It is understood, however, that the parties may by agreement in any particular case extend the one year period herein referred to.'
is interpreted to mean that the decision by the highest officer designated by the carrier to handle TIME CLAIMS shall be final and binding unless within one (1) year from the date of said officer's decision (made subsequent to discussion of the case in conference as provided in Item 5) proceedings for final disposition of the claim are instituted by the employee or his duly authorized representative and such officer is so notified, subject to extension by mutual agreement."

The clause which interprets the provisions to mean "the decision by the highest officer designated by the carrier to handle *time claims*" simply points out the appropriate officer. It does not limit the character of the claims upon which he may pass as defined in the previous portions of the Article.

If it be urged that this claim was one for reinstatement as well as for lost time, the provisions of Article 58, Section (d), apply.[1]

 In any event, the clear purpose of this Article was to impose limitations of time and finality on all claims presented thereunder.[2] Since plaintiff proceeded thereunder, he is bound by the applicable clauses which made decision final.

If, on the other hand, this course of consensual condition was not an essential condition precedent to his right to bring action, his cause has been barred by the

---

1. "Article 58. Limitation in Presenting Grievances. * * * Section (d) Trainmen who are dismissed may be re-employed at any time; but will not be reinstated unless case is pending in accordance with provisions of Section (c) of this Article."

2. It is settled in California " * * * that the parties to a contract may stipulate therein for a period of limitation, shorter than that fixed by the statute of limitations, and that such stipulation violates no principle of public policy, provided the period fixed be not so unreasonable as to show imposition or undue advantage in some way." Beeson v. Schloss, 183 Cal. 618, 192 P. 292, 294, and cases cited therein.

California Statute of Limitations in the manner heretofore pointed out.

The claim of plaintiff went through all the steps and was decided adversely by "the highest officer designated by the carrier to handle time claims." Within one year from the date of said officer's decision, no proceedings for final disposition of the claim were instituted by the employee either before the Railroad Adjustment Board [3] or in the courts. According to the agreement which plaintiff says controls the case, the decision against him became "final and binding."

■ It is well settled that, where an employee fails to exhaust his consensual remedies by presenting his grievance at the time and manner agreed upon, he cannot seek remedies in the courts because no cause of action has arisen.[4] These decisions, although analogous, do not reach the point here.

In this case, by agreement, plaintiff has no cause of action, since the consensual time limitation had expired. He could no longer perform the condition precedent to recovery by taking action in either forum, administrative or judicial, within one year from final determination by the hearing officer. If plaintiff had within the time limited pursued his remedy by proceedings for final disposition of the claim before the Railroad Adjustment Board, he could have prevented the bar of finality. Action before the District Court was an alternative,[5] but that, of course, was unavailable if the limitation had expired.

■ In passing, the contention of plaintiff that the denial of the first motion of defendant for summary judgment became the law of the case and barred the interposition and allowance of the second motion, which resulted in the judgment presently appealed, is unfounded. After the denial of the first motion, defendant filed an answer which admitted many facts and removed them from issue. This pleading also set up as de-

fenses the California Statute of Limitations and the one-year limitation of Article 58 of the Collective Bargaining Agreement. The facts lying at the basis of these defenses were not controverted by any showing in the record below. The parties impliedly submitted these matters for decision as matters of law based upon the documents which were admittedly authentic.

The judgment is affirmed.

---

3. 45 U.S.C.A. § 153(i).

4. Barker v. Southern Pacific Co., 9 Cir., 214 F.2d 918.

5. Cf. Transcontinental & Western Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325.