George PEOPLES, Appellant,

v.

SOUTHERN PACIFIC COMPANY,
a corporation, Appellee.

No. 14799.

United States Court of Appeals
Ninth Circuit.

March 13, 1956.

Thomas Smart, Denver, Colo., for appellant.

Paul A. Hentzell, Denver, Colo. (Don Lorenz, Denver, Colo., on the brief), for appellee.

Before MURRAH and PICKETT, Circuit Judges, and HILL, District Judge.

William A. Babcock, Babcock, Russell & McGeorge, Portland, Or., for appellant.

Koerner, Young, McColloch & Dezendorf, John Gordon Gearin, Portland, Or., W. A. Gregory, Burton Mason, San Francisco, Cal., for appellee.

Before McALLISTER, Circuit Judge, and GOODMAN and MATHES, District Judges.

PER CURIAM.

This is the third of a series of three recent cases in which employees of appellee have claimed damages in the United States District Courts for alleged wrongful discharge in violation of collective bargaining agreements between appellee. and railroad operating crafts. In Barker v. Southern Pacific Co., 9 Cir., 1954, 214 F.2d 918 and in Breeland v. Southern Pacific Co., 9 Cir., 1955, 231 F.2d 576, we held that the suing employees, having elected to advantage themselves of the administrative procedures set out in the applicable collective bargaining agreements, and having failed to timely pursue them to finality, thereby debarred themselves from maintaining a common law action for damages for breach of contract.

This is a similar case. It is true that action in the District Court is alternative, but only if the administrative remedies are pursued to conclusion according to the agreement or not pursued at all.[1]

The record below shows that appellant did invoke the agreement's administrative procedures, but abandoned them in midstream.

Hence he failed to meet the condition precedent required for the lawful commencement of the action below.

For this reason, and for the reasons stated by District Judge Solomon in his opinion below, 139 F.Supp. 783, the judgment of the District Court is

Affirmed.

1. Transcontinental Air v. Koppel, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325.