Alice M. ANSON et al., Plaintiffs-
Appellants,

v.

HIRAM WALKER & SONS, Inc.,
Defendant-Appellee.

No. 12028.

United States Court of Appeals
Seventh Circuit.

Sept. 25, 1957.

Rehearing Denied Oct. 23, 1957.

Alex L. Sloan, Peoria, Ill., for appellants.

Eugene R. Johnson and Homer W. Keller, Peoria, Ill., Miller, Westervelt, Johnson & Thomason, Peoria, Ill., of counsel, for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

The subject matter involved in this appeal is essentially the same as that considered by us in our prior opinion in Anson v. Hiram Walker & Sons, Inc., 222 F.2d 100, wherein we affirmed a judgment of the district court dismissing plaintiffs' action. In doing so, we grounded our decision upon what we considered the decisive feature, namely, the failure of plaintiffs to exhaust their contractual and statutory remedies. In the complaint then before us, plaintiffs sought (1) recovery of damages for what they termed an illegal discharge; (2) reinstatement as employees; and (3) reestablishment of their respective seniorities, as they existed at the time of the discharge.

Following our affirmance of the order of the district court, plaintiffs endeavored to avail themselves of the remedies provided by the contract of employment and the National Labor Relations Act. Accordingly, on November 1, 1955, they filed, against the union and the employers, with the National Labor Relations Board, charges of unfair labor practices, which included the three named elements of their original complaint. On February 17, 1956, the regional director ruled that the charges were not timely, and that no unfair labor practices were presented by the averments, and refused to issue a complaint. On April 16, 1956, the general counsel for the board sustained the ruling of the regional director and added: "that the 6 months' rule under § 10(b) of the act as amended, forecloses any proceedings based on the allegations." Under Section 10(b) of the Act, 29 U.S. C.A. § 160(b), charges of unfair practices must be presented within six months of the date of commission of the alleged wrongful acts. The general counsel relied on this provision in determining that the plaintiffs were foreclosed from asserting their remedies under the Act.

It is obvious from the complaint in this case and from the one involved in the prior litigation, that plaintiffs did not file with the Board any charge against the defendant until some three years after the alleged wrongful discharge had occurred. On the face of the record, therefore, their complaint could not be entertained by the Board because of expiration of the time fixed by statute. However, plaintiffs insist that by their actions they have exhausted their administrative and contractual remedies.

It would seem obvious from the undisputed facts that they have not exhausted their administrative and contractual remedies, for the very reason that, by their own neglect, they have deprived themselves of the opportunity to do so. As we pointed out in our former decision, Congress has, by the Act, provided an exclusive method for settlement of controversies between employees and employers operating under a collective bargaining contract and, as we there stressed, no court has jurisdiction to entertain suits with reference to the same until and unless the statutory and contractual rights shall have been invoked, and then only by a petition to review a decision of the board. To hold that plaintiffs have exhausted their administrative remedies, when the record discloses that, by their own neglect, they have failed to avail themselves of those remedies within the statutory period, would put to naught the limitation provisions of the Act and substitute a rule not provided by Congress to the effect that the suit must be entertained in spite of the fact that by their own acts they have deprived themselves of their right to invoke their administrative remedies.

We deem it hardly necessary to cite authority for the proposition that a

remedy which has been barred by the statute of limitations and no longer exists cannot be enjoyed or exhausted by those who, through their own inaction, have permitted the bar of the limitations to operate. However, in Breeland v. Southern Pacific Company, 9 Cir., 231 F.2d 576, the court, in considering an action for damages for breach of a bargaining agreement between the union and defendant, where the defendant had filed a motion for summary judgment on the ground that it was obvious that plaintiff had failed to submit for process grievances within one year as required by the agreement, the court of appeals affirmed the judgment of the district court, holding that plaintiff must have exhausted his remedies under the agreement before the railroad adjustment board, and adding that plaintiff was without right to relief in court, since he had failed to avail himself of his remedies within the time limits. The court said (at page 579): "He could no longer perform the condition precedent to recovery by taking action in either forum, administrative or judicial, within one year from final determination by the hearing officer. If plaintiff had within the time limited pursued his remedy by proceedings for final disposition of the claim before the Railroad Adjustment Board, he could have prevented the bar of finality. Action before the District Court was * * * unavailable if the limitation had expired." To the same effect are Barker v. Southern Pacific Co., 9 Cir., 214 F.2d 918, Peoples v. Southern Pacific Company, 9 Cir., 232 F.2d 707 and the recent decision by an intermediate court of appeals in Pennsylvania, Chacko v. Pittsburgh Steel Co., decided in June, 1957, reported in Volume 6, Commerce Clearing House Labor Law Reporter, P. 94452, et sequi. We approve the reasoning of these authorities. In view of the fact that the plaintiffs did not invoke their administrative rights within the time provided by statute, they were without remedy in the district court.

Plaintiffs argue that the breach of contract of which they complain was one continuing until the present time, and that, therefore, the bar of six months for making complaint does not exist and does not foreclose them. However, the record shows without dispute that plaintiffs made a direct averment that they had been wrongfully discharged in 1952. Their cause of action then arose. It was not dependent upon future events, or future action on the part of the employer. The averments of the complaint are not such that they can be said to charge a continuing breach. Consequently, the trial court was justified in acting without hearing evidence. There is nothing alleged in the complaint to justify the argument now made on appeal.

Plaintiffs seek to distinguish between our holding in the prior case and in this case, in that in the present complaint they have abandoned all claims other than those for damages for illegal discharge. They argue that they have a legal right to sue for breach of contract in the district court, in view of diversity of citizenship, irrespective of the provisions of the National Labor Relations Act. To this suggestion we are unable to accede, for the reason that, under the act itself, all remedies in the way of grievances for discharge or otherwise are reviewable by the administrative authorities upon proper charges filed within the statutory period provided for filing the same.

In view of the conclusions of our former opinion we find it unnecessary to consider other questions raised by the parties, for the reason that the district court was without jurisdiction.

The judgment is

Affirmed.