Lafayette A. HOOSER et al., Fred Shiels et al., Plaintiffs-Appellants,

v.

BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, et al., Defendants-Appellees.

No. 12897.

United States Court of Appeals Seventh Circuit.

June 10, 1960.

George Rose, Indianapolis, Ind., for appellant.

S. R. Prince, Baltimore, Md., Harvey A. Grabill, Indianapolis, Ind., Harold C. Heiss, Cleveland, Ohio, Joseph C. Wallace, Indianapolis, Ind., Grabill & Baker, Indianapolis, Ind., Harold C. Heiss and Russell B. Day, Cleveland, Ohio, for appellee Baltimore & O. R. Co.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

In two actions which were consolidated for the purpose of judgment, Plaintiffs, Lafayette A. Hooser, Ben Chace, Fred H. Shiels, R. D. Vernon and Keith U. Clark, filed suit to recover $150,000 each from the Baltimore and Ohio Railroad Company for wrongful discharge as engineers, in alleged violation of their rights under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and the collective bargaining agreement between the Railroad and the Brotherhood of Locomotive Engineers, hereinafter referred to as the "Engineer Union." The Plaintiffs charged that the Railroad and the Brotherhood of Locomotive Firemen and Enginemen, (which intervened as a Defendant) hereinafter referred to as the

**198**

"Firemen Union," wrongfully negotiated as to Plaintiffs' discharge, whereas the Plaintiffs contend that only the Engineer Union had authority so to do under the Act and under Rule 26 of the Railroad's contract with the Engineer Union.

The Railroad had identical agreements with both Unions in which only the parties' names are different. Each agreement provides, as a condition of employment, for union membership within 60 days. In each case, the requirement of union membership would be satisfied by membership in any one of the labor organizations, national in scope, organized in accordance with the Railway Labor Act, admitting to membership employees of that craft or class.

The Plaintiffs had all been members of the Firemen Union but had abandoned such membership after becoming affiliated with the United Railroad Operating Crafts, which, however, was not a union "national in scope." They were charged with violation of the Firemen Union agreement and, after hearings, were discharged.

The Plaintiffs were originally employed by the Railroad as firemen. Under the Railroad's agreements with the two Unions, engineers are to be acquired by promotion of those originally hired as firemen. So long as firemen who have passed qualifying examinations are available, new engineers must be recruited from their ranks. There is a forced promotion rule whereby firemen must qualify as engineers in three successive steps, or be dropped from the Railroad's employ. All of the Plaintiffs qualified and were promoted to the status of engineer. The seniority ranking of qualified engineers is maintained in the exact sequence of their seniority as firemen. Engineers may be removed from the engineers' working lists and demoted to firemen when there is a lack of need for their service as engineers, but they must be returned to work as engineers when engineers in regular service are working a specified number of miles per month.

The Plaintiffs assert that they thus had dual employment with the Railroad, that they have been properly discharged from only one job—that of firemen—and improperly discharged, without appropriate proceedings by the Engineer Union, from their second job as locomotive engineer, in violation of the Railroad's agreement with the Engineer Union. Plaintiffs rely on Brotherhood of Railroad Trainmen v. Smith, 6 Cir., 1958, 251 F.2d 282, to support this contention. The facts of this case, however, differ from those in the Smith case.

Smith had been a Baltimore and Ohio Railroad trainman, and was a member of the Brotherhood of Railroad Trainmen which had an agreement with the Baltimore and Ohio. He was promoted to conductor, and performed dual service as trainman and conductor. He was assigned as a conductor when the suit was filed by him and the Order of Railway Conductors and Brakemen. The latter had no union shop agreement with the Baltimore and Ohio, but had been the exclusive certified bargaining representative of all conductors. When Smith ceased membership with the Brotherhood of Railroad Trainmen, he was discharged by the Baltimore and Ohio for violation of its union shop agreement with the Brotherhood of Railroad Trainmen. It was specifically held that as to discharge as a trainman, Smith neither sought nor was entitled to any relief. A permanent injunction was issued against the Brotherhood restraining it from taking action to require termination by the Baltimore and Ohio of Smith's employment and seniority as a conductor. Unlike the case before us, in the Smith case it was stipulated by the parties that plaintiff had dual but separate job status and seniority both as conductor and trainman.

In the case before us, the District Court found no genuine issue as to a material fact and entered summary judgment for Defendants, from which the Plaintiffs have appealed.

█ As the District Court held, the Plaintiffs' asserted right to continued employment depends on the Railroad's

agreement with the Engineer Union, without which their employment was at will. Thus the Plaintiffs had the burden of showing compliance with that agreement.

Rule 55 of that agreement provides that a grievance following dismissal of an engineer, consisting only of a demand to be returned to service, must be submitted in writing to the Railroad Superintendent having jurisdiction over the territory in which the employee was working at the time. It is mandatory that this written demand be submitted within one year from the date of the occurrence which resulted in the dismissal, and "if not made within that time the request shall be barred."

Uncontroverted statements in deposition and affidavit indicate beyond question that no such complaints, questioning termination of their employment rights as engineers, were received from Plaintiffs, at the appropriate Superintendents' office, within the year after their dismissal.

Agreements limiting submission of claims or filing of suits have been held valid and binding. In Barker v. Southern Pacific Co., 9 Cir., 1954, 214 F.2d 918, Barker, a dining car waiter, sought damages for wrongful discharge under a collective bargaining agreement between Southern Pacific and a Local of the Dining Car Cooks and Waiters Union. The agreement provided that a dismissed employee who was dissatisfied was entitled to a hearing if he filed a written request within ten days from notice of dismissal; otherwise the cause of action was deemed to have been abandoned. The Ninth Circuit held that the conditions required to be performed by Barker before he could claim breach by Southern Pacific, i. e. timely filing of request for hearing, had not been fulfilled.

The Ninth Circuit also considered in its determination Barker's argument, similar to that raised by Plaintiffs here, that an employee need not exhaust his remedies unless required so to do under the applicable state law.

In Breeland v. Southern Pacific Co., 9 Cir., 1955, 231 F.2d 576, Breeland alleged that he was discharged in violation of Southern Pacific's collective bargaining agreement with the Brotherhood of Railroad Trainmen. Article 58 of that agreement required that Breeland institute certain proceedings on his grievance within a one-year period, which he had failed to do. The Ninth Circuit held (at page 579) that by agreement, Breeland had no cause of action, as the consensual time limitation had expired.

This Court cited Barker and Breeland with approval in Anson v. Hiram Walker & Sons, Inc., 7 Cir., 1957, 248 F.2d 380, 382.

It is established law in Indiana that in an action on contract, the complainant must allege and show performance of all conditions precedent in the contract, or facts to show waiver of performance. Huxtable v. Shumate, 1922, 79 Ind.App. 293, 296, 134 N.E. 896, 897; Walker v. Sawyer's Estate, 1904, 34 Ind. App. 239, 243, 70 N.E. 540, 541; Sec. 2-1039, Burns' Indiana Statutes Anno.1933.

In any event, contrary to Plaintiffs' assertion, Indiana Courts have required exhaustion of administrative remedies prior to resorting to the Courts. In City of East Chicago, Indiana v. Sinclair Refining Co., 1953, 232 Ind. 295, 111 N.E.2d 459, the Court said (111 N. E.2d 464):

"Where, as here, an administrative remedy is provided, it must be exhausted before judicial review may be requested. [Citing cases]"

In Supreme Council of the Order of Chosen Friends v. Forsinger, 1890, 125 Ind. 52, at page 57, 25 N.E. 129, at page 130, 9 L.R.A. 501, the Court said:

"It is but just to the association that its chief officers should have an opportunity to investigate the claim asserted by the member before it is harassed by litigation; * * * there is no principle of law violated by a by-law requiring an appeal to the governing body."

Although Plaintiffs assert a separate right to continued employment as engineers after their discharge, as firemen, they have failed to comply with the time limit provisions of the very collective bargaining agreement on which they rely. The District Court properly granted summary judgment for Defendants.

Other arguments urged by Plaintiffs, although not discussed in detail in this opinion, have been carefully considered and found to be without merit.

The judgment of the Court below is affirmed.