**UNITED MINE WORKERS OF AMER-ICA, DISTRICT 22, Plaintiff,**

v.

Leo RONCCO, Jr., and Pete Cavalli, partners doing business as Roncco Coal Company, Defendants.

Civ. No. 4558.

United States District Court
D. Wyoming.

April 20, 1962.

1

2

Robert S. Lowe, Rawlins, Wyo., for plaintiff.

Richard S. Kitchen, Sr., Denver, Colo., and Gerald A. Stack, Thermopolis, Wyo., for defendants.

KERR, District Judge.

This action is brought by a labor organization as the collective bargaining representative of the employees of defendants. Plaintiff seeks $30,000.00 damages for the alleged violation of the National Bituminous Coal Wage Agreement of 1950, as amended, and prays also for a declaration of the rights, duties and liabilities of the parties under said contract.

Defendants have filed two motions to dismiss the complaint on the following grounds: (1) that the Court lacks jurisdiction of the subject matter of the suit for the reason that plaintiff has failed to join indispensable parties plaintiff, namely, the Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, the officers, agents, and employees of the plaintiff, and the employees of the defendant allegedly injured; and (2) that the plaintiff has failed to state a claim upon which relief can be granted for the reason that it has not exhausted its administrative and contractual remedies. Defendants' motion to strike and motion for more definite statement need not be discussed herein because of my findings and conclusions on the aforesaid motions to dismiss.

Plaintiff contends that jurisdiction is conferred on this Court by Section 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185.

The alleged contract violations upon which plaintiff predicates its claim for damages are particularized in paragraph 9 of the complaint as follows:

(1) Defendants do not pay time and a half for overtime for work performed beyond the established work day, nor for Saturday work;

(2) House coal is not sold to employees as provided for in the agreement;

(3) Defendants refuse to comply with the seniority provisions of the 1952 National agreement;

(4) Defendants do not recognize the Grievance and Safety Committee as required by the agreement;

(5) Defendants refuse to check off dues and initiation fees as stipulated in the agreement;

(6) Defendants fail and refuse to pay into the welfare fund the 40¢ per ton royalty.

Clearly, the allegations numbered herein (1) through (3) are for the benefit of the individual employees who are not parties to this action. Under the rule enunciated by the United States Supreme Court in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, federal courts have no jurisdiction over the enforcement of rights, such as those numbered (1) through (3), which are "uniquely personal" to the employees. The plaintiff, as the collective bargaining representative of the defendants' employees has no right to seek redress in this court to enforce any rights personal to such employees. Under the terms of Section 301 of the Act federal court jurisdiction is limited to "contract violations of 'peculiar concern' to the Union as an organization * * *." United Steelworkers of America (AFL-CIO), Local Union No. 4264 v. New Park Mining Company, 10 Cir., 1959, 273 F.2d 352, 355.

Plaintiff has provided the Court with no test by which to determine the jurisdiction of this Court over the allegation numbered above as (4). I have scrutinized the agreement and its amend-

ments and I have not found therein the "Grievance and Safety Committee" which the complaint avers is not "recognized" by defendants. The only possible conclusion in the light of the pleadings and arguments of counsel is that the parties have not contracted with reference to such Committee. The Court, therefore, has no jurisdiction under the Act over such subject matter for the reason that "Section 301 of the Act is concerned with violations of contracts between an employer and a labor organization representing employees * * *." United Steelworkers of America (AFL-CIO), Local Union No. 4264 v. New Park Mining Company, supra, at page 357. Defendants' motion to dismiss for lack of jurisdiction over the subject matter of these first four allegations is well taken.

The allegations above numbered (5) and (6) are within the realm of contract rights which the Union may assert in the Federal court under the proper circumstances. Both the employer and the Union have a limited interest in the management of the welfare fund. Lewis et al., Trustee v. Benedict Coal Corp., 1960, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed. 2d 442. The trustees are the real parties in interest, and the only parties legally interested when suit is brought to enforce payment into the fund. Lewis et al. v. Quality Coal Corp., 7 Cir., 1957, 243 F.2d 769; International Ladies' Garment Workers' Union, AFL et al. v. Jay-Ann Company, Incorporated, 5 Cir., 1956, 228 F.2d 632. Plaintiff is in effect attempting to compel the employer to make the agreed upon royalty payments into the welfare fund. The welfare fund trustees are, therefore, indispensable parties in this suit and the Court does not have jurisdiction to enforce the employers' alleged obligation to pay into the pension fund in the absence of the proper parties plaintiff.

That portion of the complaint alleging that defendants fail and refuse to check off union dues and initiation fees is an assertion of a contract violation that is of concern to the plaintiff as a labor organization representing defendants' employees. It is a claim of a benefit under the agreement which runs to the Union —a claim over which the Court could have jurisdiction under the Act under the proper circumstances.

This brings me to the question whether the complaint has stated a claim upon which relief may be granted. In their agreement the parties have declared their intention to preserve the industrial peace of the coal producing business by their own efforts without recourse to the courts. Section 3 of the Agreement, as amended, reads as follows:

"3. The United Mine Workers of America and the Operators agree and affirm that they will maintain the integrity of this contract and that all disputes and claims which are not settled by agreement shall be settled by the machinery provided in the 'Settlement of Local and District Disputes' section of this Agreement unless national in character in which event the parties shall settle such disputes by free collective bargaining as heretofore practiced in the industry, it being the purpose of this provision to provide for the settlement of all such disputes and claims through the machinery in this contract provided and by collective bargaining without recourse to the courts."

The proper peace-maker under the Agreement is not the Court, but rather it is a board of four members for which provision is made in the Agreement under the heading "Settlement of Local and District Disputes":

"4. By a Board consisting of four members, two of whom shall be designated by the Mine Workers and two by the Operators.

"5. Should the board fail to agree the matter shall, within thirty (30) days after decision by the board, be referred to an umpire to be mutually agreed upon by the Operator or Operators affected and by the duly

**4**

designated representatives of the United Mine Workers of America, and the umpire so agreed upon shall expeditiously and without delay decide said case. The decision of the umpire shall be final. Expenses and salary incident to the services of an umpire shall be paid equally by the Operator or Operators affected and by the Mine Workers.

"A decision reached at any stage of the proceedings above outlined shall be binding on both parties hereto and shall not be subject to re-opening by any other party or branch of either association except by mutual agreement."

■ By these provisions compulsory and binding arbitration has been agreed upon by both the plaintiff and the defendants. The disputes alleged in the complaint are arbitrable under the provision that "All disputes and claims which are not settled by agreement shall be settled by the machinery provided in the 'Settlement of Local and District Disputes' section of this Agreement . . . ." Just as a strike to settle such disputes would constitute a violation of the agreement (Local 174, Teamsters, etc. v. Lucas Flour Company, 82 S.Ct. 571) so also is the plaintiff's failure to respect the arbitration provision to which it agreed to be bound. This Court does not have jurisdiction to entertain this suit unless or until the contractual rights have been invoked. Transcontinental & Western Air, Inc. v. Koppal, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325; Anson et al. v. Hiram Walker & Sons, Inc., 7 Cir., 1957, 248 F.2d 380; Samuelson v. Brotherhood of Railroad Trainmen et al., 1944, 60 Wyo. 316, 151 P.2d 347. Plaintiff has not sustained its complaint against defendants because it has not shown that it has exhausted the remedies afforded it under the Agreement.

For the foregoing reasons the two motions of defendants to dismiss will be sustained.