EDMUND RITACCO *vs.* BROWN & SHARPE MANUFACTURING COMPANY.

MAY 23, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. The plaintiff has brought this action of assumpsit against his employer to recover damages for wages allegedly lost by the employer's breach of the seniority provisions of a collective bargaining agreement between the plaintiff's union and his employer. The case is before us on the plaintiff's exception to the ruling of the trial justice sustaining the defendant's amended demurrer to the plaintiff's amended declaration.

The plaintiff was a member in good standing of a certain union which had been duly certified as the exclusive bargaining agent of employees, including plaintiff, in defendant's plants for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment and other conditions of employment. The union was recognized as such by defendant. On October 23, 1957 the union and defendant entered into a collective bargaining agreement, hereinafter called the contract, a copy of which is attached to the declaration and made a part thereof.

The plaintiff was employed by defendant as a screw machine operator. Sometime prior to February 19, 1959 he

was laid off by defendant because of lack of work. The plaintiff's action is based on his claim that he was not recalled to work in accordance with his seniority rights under article IX of the contract. The declaration alleges in substance that under such article he had seniority rights which entitled him to a certain seniority position in matters of recall to work by defendant.

The declaration further alleges that during the period from February 19, 1959 through October 31, 1959 defendant violated plaintiff's seniority rights by refusing to permit him to work and by employing another person with less seniority in the position to which plaintiff was entitled. The plaintiff claims that he is entitled to money damages for his loss of income during such period.

The trial justice sustained defendant's demurrer to both counts of the declaration on the ground that plaintiff had no right to bring an action at law against his employer in the absence of an allegation that he had complied with article XII of the contract and exhausted the administrative and grievance procedures provided therein.

Article XII, entitled "Adjustment of Differences," provides a definite procedure for the adjustment by the union of differences arising relative to the matter of seniority rights. It will serve no useful purpose to discuss the procedures prescribed in article XII inasmuch as plaintiff concedes that he has made no attempt to seek redress by way of the grievance procedures or through the union or by any other method. He does not allege that he was discharged or that the union has refused to handle his grievance.

The narrow question raised by this appeal is whether plaintiff has a right to a judicial determination of his seniority rights before exhausting the grievance procedures prescribed in the contract.

The question is one of first impression in this state.

The plaintiff contends that he has an election of reme-

dies. He states that there is a split of authority on the question whether an election can be made by an employee in these circumstances, or whether he is restricted to exhausting his administrative and grievance procedural redress under the contract, or whether in some instances he may bring an action at law for liquidated damages only after compliance with the grievance procedures provided in the contract. The plaintiff argues that he should be treated as a third-party beneficiary to the contract permitting him to sue the employer in an action at law for money damages for a specific loss of income during a specified period of time. For a general discussion of this problem see Annot., 72 A.L.R. 2d 1439.

After carefully examining the authorities and cases which have considered this problem in all its aspects we agree with the reasoning and decision of the trial justice and therefore hold that he did not err in sustaining defendant's demurrer.

The plaintiff has cited certain cases involving actions by employees who, having been discharged from their employment, treated such discharge as final. See *Cook* v. *Missouri Pacific R.R.*, 263 F.2d 954, and *Woodward Iron Co.* v. *Ware*, 261 F. 2d 138. We are not persuaded that the rationale of those cases should govern the determination of the cases at bar.

The plaintiff has also cited *Cabral* v. *Local 41, International Molders and Foundry Workers Union*, 82 R. I. 178, and *Mello* v. *Local 4408 CIO United Steelworkers*, 82 R. I. 60, to point out the distinction between those cases and the instant case procedurewise. Although the case is not in point, we believe that the language and reasoning of the court in *Mello* apply with equal force to the instant case. The court at page 65 made the following significant statement: "Further, concerning a collective bargaining agreement made by a union which was the exclusive representa-

tive for all the company's employees, it was held in *Moen v. Director of Division of Employment Security*, 324 Mass. 246, 249: 'The right of the claimant to deal with the company with respect to these matters was surrendered to the union. * * * The claimant was bound by the agreement made on his behalf by the union to the same extent as though he had entered into it individually.' "

The seniority rights on which plaintiff grounds this action were created by the contract. As a member in good standing in the union he was bound by all the contractual provisions. See *Donnelly v. United Fruit Co.*, 75 N.J. Super. 383. See also *Jenkins v. Wm. Schluderberg-T. J. Kurdle Co.*, 217 Md. 556. The matter of seniority rights is within the scope of such provisions. In the absence thereof he has no enforceable rights to seniority. See *Hooser v. Baltimore & Ohio R.R.*, 279 F.2d 197, 198.

The plaintiff seeks the benefits of the contract without being bound by the other provisions thereof. In our opinion his attempt to by-pass the grievance procedures of the contract does violence to the basic purpose of collective bargaining and would in the long run be detrimental to the best interests of labor, management and the union. The ever-expanding labor-management relationship will be better served by requiring an employee to exhaust the grievance procedures created by the process of collective bargaining. The better rule and the reasons therefor are ably and succinctly set forth in *Cone v. Union Oil Co.*, 129 Cal. App. 2d 558, 563, where the court said:

"It is the general rule that a party to a collective bargaining contract which provides grievance and arbitration machinery for the settlement of disputes within the scope of such contract must exhaust these internal remedies before resorting to the courts in the absence of facts which would excuse him from pursuing such remedies. * * * This rule, which is analogous to the rule requiring the exhaustion of administrative remedies as a condition precedent to resorting to the courts

\* \* \* is based on a practical approach to the myriad problems, complaints and grievances that arise under a collective bargaining agreement. It makes possible the settlement of such matters by a simple, expeditious and inexpensive procedure, and by persons who, generally, are intimately familiar therewith."

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Raymond J. Surdut, Anthony Grilli,* for plaintiff.

*Francis V. Reynolds, Richard P. McMahon,* for defendant.