**Fred Z. MILLS, Jr., Appellant,**

v.

**BRANIFF AIRWAYS, INC., et al., Appellees.**

**No. 4816.**

Court of Civil Appeals of Texas, Eastland.

Sept. 19, 1975.

George M. McDonald, Kelso & Paternostro, Dallas, for appellant.

William F. Carroll, Clark, West, Keller, Sanders & Butler, G. William Baab, Mulli-

nax, Wells, Mauzy & Baab, Inc., Dallas, for appellees.

RALEIGH BROWN, Justice.

Fred Z. Mills, Jr., sued Braniff Airways, Inc., and Airline Pilots Association International seeking increased retirement benefits from Braniff. Motions for summary judgment were granted defendants. Mills appeals. We affirm.

Mills was employed by Braniff as a pilot from April of 1942 until his retirement July 8, 1971. He was a member of Airline Pilots Association, which was the duly elected and certified bargaining representative for Braniff pilots. In 1957, following collective bargaining negotiations, Braniff established a retirement plan for the benefit of its employees and Association's members. By its terms Braniff agreed to match all contributions made by employees to the plan. Mills elected not to become a member of the plan at its inception.

By agreement dated May 13, 1965, Braniff and Association executed an amendment to the retirement plan which provided in part:

"'Any Pilot who was in the employ of the Company on November 1, 1964, who was an active Participant in the Braniff Airways Retirement Plan for Pilots (the 'Plan') at any time before November 1, 1964 and who, in the event of hardship as determined and approved by the Retirement Committee under the provisions of Section 16 of the Plan, before November 1, 1964 discontinued his Active Participation under the provisions of sub-section 5.2 or withdrew from the Plan under the provisions of sub-section 5.3, shall, notwithstanding the restrictions of sub-sections 5.2 and 5.3 or other sections of the Plan, be given the opportunity to be reinstated in the Plan with all rights and benefits which he would have had thereunder had he never discontinued his Active Participation or withdrawn from the Plan, subject to the restrictions and conditions listed hereafter.'"

Mills was not a participant and had not been a participant in the retirement plan at the time. It was not until 1967 when, by amendment, all pilots were automatically enrolled in the retirement plan and were not, thereafter, required to make individual contributions that Mills became a participant.

After retirement Mills received benefits computed from his date of entry into the plan. Being dissatisfied with his benefits, Mills filed a claim for additional compensation with the Retirement Committee seeking the same benefits received by pilots who had contributed from the inception. After the Committee unanimously denied the claim, Mills instituted this cause contending he had been deprived of the opportunity to make contributions and increase his benefits under the plan following the May 13, 1965 amendment. He alleged other pilots had received notification of the amendment and had been given the opportunity to re-enter the plan by making up contributions, thereby increasing their benefits, while he had not been afforded the same opportunity. Further, Mills contended the Association failed to properly and adequately advise, inform and represent him as a member of the Association.

Mills' retirement benefits were the results of collective bargaining between Braniff and Mills' representative, Airline Pilots Association. The plan provided in part:

Section 16.5A:

"A. There shall be a Retirement Committee. The Retirement Committee shall be composed of two members selected by the Company and two Participants selected by the Association on behalf of the Participants."

Section 16.5B(2):

"All disputes arising out of the administration, application or interpretation of this Plan, or concerning benefits or participation of the Participants or Pilots in the Plan, shall be submitted to such Retirement Committee."

Section 16.5G:

"The decision of the Retirement Committee shall be final and binding on the Company, the Participant and any other person having or claiming any interest under the Plan."

Section 18.1:

"No Participant, retired Participant, contingent annuitant, or provisional payee shall have any right to retirement income benefits, except to the extent provided herein."

The summary judgment proof establishes the Retirement Committee considered Mills' claim and unanimously denied it.

The Court in *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), stated:

". . . The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator."

It is stated in *Textile Workers Union of America, AFL–CIO, CLC v. Textile Paper Products, Inc.,* 405 F.2d 397 (5 Cir. 1968):

". . . The award clearly indicates that it finds its source in the collective bargaining agreement. Having determined this, judicial inquiry should end, for when an award draws its essence from the collective bargaining agreement, 'it is not open to a court to assay the legal correctness of the reasoning pursued.' *Safeway Stores v. American Bakery & Confectionary Workers International,* 390 F.2d 79, 83 (5th Cir. 1968). See also *United Steel Workers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Dallas Typographical Union, No. 173 v. A. H. Belo Corp.,* 372 F.2d 577 (5th Cir. 1967)."

The Court in *Bruner v. Mercantile National Bank,* 455 S.W.2d 323 (Tex.Civ.App. —Dallas 1970, ref. n. r. e.), considering a suit by an employee to recover disability benefits under a written retirement plan brought against the corporation, trustees of plan and members of retirement committee stated:

"No authority is cited, and we know of none, giving an employee an inherent right of appeal in such cases. This plan is a contract, binding alike on employer and employee, and it specifically abrogates any right of appeal. To seek the benefits accruing under the contract is to submit to the burdens thereof; the bitter must be accepted with the sweet."

In *Crockett v. Union Terminal Company,* 342 S.W.2d 129 (Tex.Civ.App.—Dallas 1960, no writ), the court concluded:

". . . We might agree with appellants if this suit were a local State matter. But the field of collective bargaining, especially with reference to railroads, has been pre-empted by Congress through the Railway Labor Act. 45 U.S. C.A. § 151 et seq. In *State of California v. Taylor,* 353 U.S. 553, 77 S.Ct. 1037, 1042, 1 L.Ed.2d 1034, the Supreme Court of the United States quotes from its opinion in *Railway Employees' Department v. Hanson,* 1956, 351 U.S. 225, 232, 76 S.Ct. 714, 718, 100 L.Ed. 1112 as follows:

'A union agreement made pursuant to the Railway Labor Act has, therefore, the imprimatur of the federal law upon it and, by force of the Supremacy Clause of Article VI of the Constitution, could not be made illegal nor vitiated by any provision of the laws of a State.'

See also *Local 24 of International Brotherhood of Teamsters, etc. v. Oliver,* 358 U.S. 283, 296, 79 S.Ct. 297, 305, 3 L.Ed.2d 312; *Breeland v. Southern Pacific Co.,* 9 Cir., 231 F.2d 576 and *Hooser v. Baltimore & O. R. Co.,* D.C. [Ind.], 177 F.Supp. 186."

██ We hold that by the terms of the Retirement Plan and applicable federal law the decision of the Retirement Committee is final and binding.

██ Mills' complaint as to Association's failures with reference to its representation of him was based upon the negotiations which resulted in the amendment of May 13, 1965. Association had a statutory "duty of fair representation". *Steele v. Louisville & Nashville RR. Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Mills filed this cause in 1973. We hold the pleadings and summary judgment proof conclusively establish that Mills' claim against the Association is barred by either Article 5526 or Article 5527, V.A.C.S.

Appropriate summary judgment rules support the ruling of the trial court. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex. 1965), and *Oram v. Great American Oil Company,* 513 S.W.2d 533 (Tex.1974).

We have considered all points of error and overruled each.

The judgment is affirmed.