**Bernard J. MACKAY, Plaintiff— Appellant,**

v.

**AIRCRAFT MECHANICS FRATERNAL ASSOCIATION—SEATTLE LOCAL 14, an unincorporated association; Alaska Airlines, Inc., a Delaware corporation, Defendants—Appellees.**

No. 02–35797.

D.C. No. CV–01–00003–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Jan. 13, 2004.

Glenn M. Taubman, Springfield, VA, Steven Thomas O'Ban, Ellis, Li & McKinstry, Seattle, WA, for Plaintiff–Appellant.

Lee Seham, Stanley J. Silverstone, Seham Seham Meltz & Petersen, White Plains, NY, Aliki Recklitis, Seham Seham Meltz & Petersen, Mercer Island, WA, Richard N. VanCleave, Paula A. Barran, Allyson S. Krueger, Barran Liebman, LLP, Portland, OR, for Defendants–Appellees.

Before THOMPSON, HAWKINS, and BERZON, Circuit Judges.

## MEMORANDUM *

Bernard Mackay appeals the district court's summary judgment in favor of the Aircraft Mechanics Fraternal Association and Aircraft Mechanics Fraternal Association–Seattle Local 14 (the "Union") and Alaska Airlines. The district court concluded that Mackay was a member of the Union, and as a result he was precluded from bringing this lawsuit in the district court because he had not exhausted his administrative remedies specified in the collective bargaining agreement. Shortly thereafter, the court granted summary judgment in favor of Alaska Airlines for the same reasons.

We have jurisdiction under 28 U.S.C. § 1291. We reverse the summary judgment in favor of the Union, but affirm the summary judgment in favor of Alaska Airlines.

■ Summary judgment in favor of the Union was granted solely upon the district court's finding that Mackay was a member of the Union. That finding, however, is a finding of fact as to which there is a genuine dispute.

Although there are a number of facts which suggest that Mackay acquired membership in the Union by conduct or acquiescence, neither Mackay nor the Union complied with any of the requirements for membership in the Union as set forth in Article XII of the Union's constitution. These requirements include (1) submission of an application form, (2) the receipt of a membership card, (3) receipt of the Union's constitution and taking of the Union loyalty oath, and (4) an investigation by the local secretary. The Union argues formal requirements for membership were waived, but Mackay disputes this and alleges that his conduct did not make him a Union member. *See NLRB v. Savair Mfg. Co.*, 414 U.S. 270, 279, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973) ("[A]n employee does not become a member of the union merely by signing a [representation] card."); *United Nuclear Corp. v. N.L.R.B.*, 340 F.2d 133, 137 (1st Cir.1965) (voting in election not "automatic proof of [union] membership"; concept of membership by estoppel rejected); *Moynahan v. Pari–Mutuel Emp. Guild of Cal., Local 280*, 317 F.2d 209, 210 (9th Cir.1963) (employee who failed to fulfill all requirements for membership as provided in union constitution and bylaws not a union member); *Agola v. Hagner*, 678 F.Supp. 988, 992 n. 4 (E.D.N.Y.1987) (members of bargaining unit who failed to apply for membership, pay initiation fees, or abide by other membership procedures as required by union's bylaws not union members).

Because there are genuine issues of material fact, and of law, in dispute as to whether Mackay was a member of the Union, we reverse the district court's summary judgment in favor of the Union. The district court did not reach the other issues raised by the parties in Mackay's claim against the Union and neither do we. Depending upon how the disputed issue of union membership is resolved, the district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court may or may not have to reach the other issues the parties raise.

 We affirm, however, the district court's summary judgment in favor of Alaska Airlines. Mackay's claims against Alaska fail whether he was or was not a member of the Union. Mackay's original grievance was predicated upon his discharge for failing to pay union dues. The first time Mackay asserted nonmember rights under *Chicago Teachers Union v. Hudson,* 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986), vis-a-vis Alaska was in his notice of appeal from Alaska's denial of his grievance, and his appeal was withdrawn. Having filed and abandoned a grievance against his employer regarding his discharge, Mackay may not seek to evade the results of the grievance process by litigating his termination in court. *See Peoples v. Southern Pac. Co.,* 232 F.2d 707, 708 (9th Cir.1956).

AFFIRMED in part, REVERSED in part and REMANDED for further proceedings as to Mackay's claims against Aircraft Mechanics Fraternal Association and Aircraft Mechanics Fraternal Association–Seattle Local 14.

Alaska shall recover its costs on appeal from Mackay. Mackay shall recover one-half of his costs on appeal from Aircraft Mechanics Fraternal Association and Aircraft Mechanics Fraternal Association–Seattle Local 14, in the aggregate.

BERZON, Circuit Judge, concurring.

I write separately to note that if the determination after trial is that Mackay was a non-member of the union, the application of *Peoples v. S. Pac. Co.,* 232 F.2d 707, 708 (9th Cir.1956), and *Stumo v. United Air Lines Inc.,* 382 F.2d 780 (7th Cir. 1967), on which the defendant union relies, may depend upon whether relief is available against the union from the Board of Adjustment. See 45 U.S.C. § 153 First(i)

(1986) ("The disputes *between an employee or group of employees and a carrier or carriers* growing out of grievances ... shall be handled in the usual manner ...; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board ...." (emphasis added)). That issue has not heretofore been addressed by the parties or the district court.