**Bernard J. MACKAY, Plaintiff–Appellant,**

v.

**AIRCRAFT MECHANICS FRATERNAL ASSOCIATION, an unicorporated association; et al., Defendants–Appellees.**

No. 05–35338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 21, 2006.

Glenn M. Taubman, Esq., National Right to Work Legal Defense Foundation, Inc., Springfield, VA, Steven Thomas O'Ban Fax, Ellis LI & McKinstry, PLLC, Seattle, WA, for Plaintiff–Appellant.

Aliki Recklitis, Seham Seham Meltz & Petersen, Mercer Island, WA, Nicholas P. Granath, Esq., Seham Seham Meltz & Petersen, Bloomington, MN, for Defendants–Appellees.

Before: RYMER, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Bernard Mackay appeals the district court's judgment following a bench trial in favor of Aircraft Mechanics Fraternal Association and its Seattle Local 14 (collectively, "the Union"). This case is on its second trip to this court. On the last visit, we reversed the district court's summary judgment in favor of the Union "[b]ecause there [were] genuine issues of material fact, and of law, in dispute as to whether Mackay was a member of the Union." *Mackay v. Aircraft Mechanics Fraternal Ass'n,* 85 Fed.Appx. 605, 606 (9th Cir. 2004). We remanded for the district court to resolve the question of Mackay's membership in the Union and, depending on the outcome of that determination, to reach the other issues raised by the parties. *Id.* at 606–07.

The district court conducted a four-day bench trial and issued a memorandum and

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by 9th Cir. R. 36–3.

decision with its findings of fact and conclusions of law on March 22, 2005. Among other things, the court concluded that Mackay did not affirmatively make known to the Union his election of nonmember status or invoke his right to pay nonmember agency fees rather than dues, nor did he affirmatively make known any desire to dissent from the agency fee calculation; instead, Mackay acquiesced in the payment of delinquent dues without invoking his right to be a dissenting nonmember. The court stated, "[w]hile these facts did not, without more, make plaintiff a *de facto* member of the union, they reasonably led union officials to believe that plaintiff was a member rather than a nonmember." Conclusions of Law, ¶ 6.

Mackay contends on appeal that we should infer that the district court found he was *not* a member, while the Union maintains that we can infer that the court found either Mackay was a member or the Union was justified in treating him as such. Because it is not clear whether the court found that Mackay was a member of the Union or was not a member of the Union, we cannot resolve this appeal.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this disposition.

VACATED AND REMANDED.