**Bernard J. MacKAY, Plaintiff—Appellant,**

v.

**AIRCRAFT MECHANICS FRATERNAL ASSOCIATION, an unincorporated association; Local 14 Aircraft Mechanics Fraternal Association Local 14, an unincorporated association, Defendants—Appellees.**

No. 07–35475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Oct. 30, 2008.

Steven Thomas O'Ban, Ellis, Li & McKinstry PLLC, Seattle, WA, Glenn Matthew Taubman, National Right to Work Legal Defense Foundation, Inc., Springfield, VA, for Plaintiff–Appellant.

Nicholas Paul Granath, Esquire, Seham Seham Meltz & Petersen, LLP, Minneapolis, NY, Aliki Recklitis, Esquire, Mercer Island, WA, for Defendant–Appellee.

Before: RYMER and FISHER, Circuit Judges, and HURLEY,\* District Judge.

## MEMORANDUM \*\*

This *Hudson*[1] case turns on whether Bernard J. Mackay was a member of the Union. On the first appeal, we reversed summary judgment in favor of the Aircraft Mechanics Fraternal Association and its Seattle Local 14 because there were triable issues of fact on this issue. *Mackay v. Aircraft Mechanics Fraternal Ass'n,* 85 Fed.Appx. 605, 606 (9th Cir.2004). Following a bench trial, on the second appeal, we remanded because we could not tell whether the district court found that Mackay was, or was not, a member. *Mackay v. Aircraft Mechanics Fraternal Ass'n,* 214 Fed.Appx. 677 (9th Cir.2006). On remand, the court squarely found that Mackay was a member. He appeals, and we affirm.

There is evidence from which the district court could have gone either way. We are not firmly convinced that it erred, as there is a plausible basis in the record for its finding. Mackay was twice told that he could be either a Union member who paid dues, or a nonmember who paid agency fees. He was told that under the union security clause in the collective bargaining agreement, he could lose his job if he did not pay one or the other. Mackay was also twice given the Nonmember Fee Policy, which explained, among other things, the difference between Union expenses germane to collective bargaining—which all employees cover—and non-germane expenses—which only members are obliged to cover. The Policy also indicated that employees were required to pay either dues or fees to keep their job. Mackay did not pay anything until January 2000, when he wrote a check for past dues owed after being warned that his name would be submitted for termination. At no time did he tell Union officials that he did not want to pay dues or be a member. The court could conclude that Mackay thereby accepted the Union's offer of membership. *See Hoglund v. Meeks,* 139 Wash.App. 854, 170 P.3d 37, 46 (2007); *see also Hearst Commc'ns, Inc. v. Seattle Times Co.,* 154 Wash.2d 493, 115 P.3d 262, 267 (2005); *Plumbing Shop, Inc. v. Pitts,* 67 Wash.2d 514, 408 P.2d 382, 384 (1965).

AFFIRMED.

---

\* The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Chicago Teachers Union v. Hudson,* 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986).